UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CMR CONSTRUCTION AND ROOFING, LLC,

        Plaintiff,

vs.                                          Case No.:

THE ORCHARDS CONDOMINIUM
ASSOCIATION, INC.

        Defendant.
_____/

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Plaintiff, CMR CONSTRUCTION AND ROOFING, LLC, ("CMR"), sues defendant, THE ORCHARDS CONDOMINIUM ASSOCIATION, INC, ("The Orchards"), and alleges:

## PARTIES, JURISDICTION AND VENUE

1. This Court has original jurisdiction over this civil action under 28 USC §1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of value of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00).

2. This is an action pursuant to the Federal Declaratory Judgment Act, 28 USC § 2201(a), seeking to declare the Contract for Services, Assignment of Benefits" ("AOB") and the Agreement (as defined herein) are valid, enforceable, not subject to revocation or termination, and CMR has any and all rights to all of the insurance rights, benefits, and proceeds under the Policy related to the Claim.

3. CMR is a foreign single member limited liability company with its principal office located at 3006 North Lindbergh Blvd., Suite 703, St. Ann, Missouri 63074, and it is otherwise *sui juris*.

Case No.:

4. Steven Soule ("Soule") is the single member of CMR and is a citizen of the state of Texas. Soule resides at 2301 Reflection LN, Prosper, Texas 75078, in Collin County, which he claims a homestead protection for such residence and his intention is to remain in Texas for an indefinite amount of time.

5. The Orchards is a residential condominium association with buildings located on property with the addresses commencing with 7701 Gardner Drive, Naples, Florida 34109, and ending with 7852 Gardner Drive, Naples, Florida 34109. The Orchards conducts its business, has offices, and/or maintains agents for the transaction of its customary business in Collier County, Florida, and it is otherwise *sui juris*.

6. The Orchards is a Florida corporation with its principal place of business located at 1044 Castello Drive, Suite 206, Naples, Florida 34103.

7. The Orchards and CMR executed the AOB in Collier County, Florida.

8. The cause of action accrued in Collier, County, where The Orchards purposefully, intentionally, and willfully, revoked or otherwise terminated the AOB and Agreement without legal or equitable right.

9. Venue is proper in this Court pursuant to 28 USC § 1391(b)(2). The causes of action set forth herein accrued in Collier County, Florida, specifically where AOB and Agreement were executed, where the The Orchards property is located, and where the case and controversy subject to this action accrued.

10. CMR has complied with all conditions precedent to the bringing of this action, or alternatively, The Orchards have waived all conditions.

Case No.:

**FACTUAL ALLEGATIONS GIVING RISE TO CAUSES OF ACTION**

11. The Orchards was issued a policy of insurance ("the Policy") bearing policy number ECL9489904 and insuring thirty-one (31) separate buildings identified in the Policy's Location Coverage Information section and Description of Premises Schedule.

12. Within the effective dates of coverage, on September 10, 2017, The Orchards sustained significant exterior damage caused by wind, windstorm, and rain associated with Hurricane Irma ("the Loss"), a covered cause of loss under the Policy. The Orchards suffered roof and exterior damage as a result of Hurricane Irma.

13. In order to mitigate the damages to The Orchards property and restore it to its pre-loss condition, The Orchards hired CMR to perform services related to the repair of The Orchards. In exchange for the services, The Orchards, in whole, agreed to assign all of its rights to insurance benefits to CMR insofar as it pertained to CMR's services. A copy of the April 12, 2018, "Contract for Services, Assignment of Benefits" (AOB) is attached hereto as Exhibit "A". The Orchards also agreed to, authorized, and directed Defendant to directly pay CMR for its services rendered. *Id.*

14. Additionally, on April 12, 2018, CMR and The Orchards entered into an Agreement for roofing services, which was amended via an addendum on April 30, 2020 (collectively referred to as the "Agreement" and attached hereto as Composite Exhibit "B." The Agreement details the services and repairs to be made by CMR in furtherance of the AOB and expressly acknowledges that CMR will pursue The Orchards best interest at a price agreeable to Empire, while at the same time The Orchards agree that CMR is entitled to "10% Overhead & 10% Profit as allowed by Insurance Industry standards."

15. The AOB provides that The Orchards, as Assignor, in exchange of CMR's agreement to perform services and supply materials, "assigns any and all insurance rights, benefits,

3

and proceeds under any applicable insurance policies to CMR." The AOB is an unqualified, complete, and a whole assignment of any and all insurance rights, benefits and proceeds under the subject Policy related to the Claim.

16. Specifically, the AOB reads as follows:

ASSIGNMENT OF INSURANCE BENEFITS:
Assignor hereby assigns any and all insurance rights, benefits, and proceeds under any applicable insurance policies to CMR Construction & Roofing, LLC. I make this assignment and authorization in consideration of CMR's agreement to perform services and supply materials and otherwise perform its obligations under this contract, including not requiring full payment at the time of service. I also hereby direct my insurance carrier(s) to release any and all information requested by CMR, its representative(s), or its attorney to the direct purpose of obtaining actual benefits to be paid by my insurance carrier(s) for services rendered or to be rendered. In this regard, I waive my privacy rights. I agree that any portion of work, deductibles, betterment, depreciation or additional work requested by the undersigned, not covered by insurance, must be paid by the undersigned on or before its completion. I hereby appoint CMR as attorney in-fact, authorizing CMR to endorse my name, and to deposit insurance checks or drafts for CMR. Payment terms to CMR are net-10 days. Late charges of 1.5% monthly are charged to any and all unpaid balances. CMR shall be entitled to reimbursement for costs of collection (including reasonable attorney's fees and costs) of unpaid amounts by Owner/Agent and for reasonable attorney's fees and costs for the breach, or enforcement, or any terms of this entire service agreement.

17. The Loss was timely reported to Empire Indemnity Insurance Company ("Empire"), who assigned Claim Number 5630012434 ("Claim") to the Loss.

18. CMR notified Empire that it was in possession of the AOB and provided Empire with a copy of its AOB, which clearly and unequivocally assigns specified Policy-based benefits as well as the right to receive direct payment from Empire.

19. In furtherance of CMR's rights under the AOB, CMR sent several estimates to Empire calculating the Replacement Cost Value, including the December 16, 2019 estimate that calculates the Replacement Cost Value at $6,704,412.57. *A true and correct copy of this estimate is attached as Exhibit "C"*. This estimate detailed and itemized the replacement of the roofs and exterior damages with pricing and scope of repairs with supportive documentation. Further, this

estimate contains invoices for temporary repairs to the roofs already completed by CMR pursuant to the AOB and Agreement.

20. CMR has fully performed all duties and undertakings on its part to be performed under the AOB and Agreement. Specifically, CMR, at its own costs and expenses, pursued the Loss under the Policy, purchased materials to make repairs, and incurred labor costs to repair any roofing issue or leak that arose after April 12, 2018 until The Orchards breach of the AOB and Agreement. At the request of The Orchards, CMR obtained shrink wrap estimates for all 31 buildings, performed attic and insulation inspections for mold and received a bid for such remediation. These temporary and emergency repairs to the condominium building roofs were completed without requiring payment at the time of rendering services as provided for in the AOB and pursuant to the Agreement.

21. CMR representatives attended no less than five board meetings and thirteen meetings with The Orchards board members in pursuit of the Loss and to develop and implement a construction plan for the repairs.

22. Empire acknowledged that the buildings that make up The Orchards sustained significant covered damages to the roof and exterior; however, (i) Empire underestimated the costs necessary to make all repairs in order to place The Orchards in its pre-Irma condition; and (ii) failed to acknowledge coverage for all covered damages sustained by the Orchards. In addition, Empire failed to consider the governing building codes relevant to the repairs necessary to address the hurricane damages.

23. Accordingly, CMR filed a one-count Breach of Contract complaint against Empire for its failure to indemnify CMR for damages sustained to The Orchards. *A true and correct copy of the complaint is attached as Exhibit "D."*

24. On April 1, 2020, the United States District Court for the Middle District of Florida entered a Memorandum and Order granting Empire's Motion for Summary Judgment. On April 2, 2020 the Federal Court entered a Judgment pursuant to the Court's April 1, 2020 Memorandum and Order.

25. On April 22, 2020, CMR timely filed its Notice of Appeal to the Eleventh Circuit Court of Appeal seeking review of the Memorandum and Order and Judgment, which such appeal is pending as of the date of this filing.

26. On May 19, 2020, The Orchards counsel transmitted an email to CMR's counsel demanding CMR "cease and desist" all negotiations and work on the property of The Orchards. Specifically, counsel for The Orchards positioned as follows:

> Assignments are limited to the value of the work done or to be done. Your Client is no longer allowed to perform work on the subject property, so their assignment is limited to the value of work completed, therefore you have no authority to negotiate with the insurance company or their counsel related to this case, claim, or any other issue.

*A true and correct copy of the email correspondence is attached as Exhibit "E."*

27. Further, on May 28, 2020, counsel for The Orchards formally put CMR on notice that it "REVOKES" the AOB under the Claim (emphasis in the original). *A true and correct copy of the May 28, 2020 correspondence is attached as Exhibit "F."*

28. Further, in the May 28, 2020 correspondence, The Orchards asserted the AOB is limited to the value of the work completed (or to be completed), the AOB was terminated, CMR no longer had the rights to the insurance proceeds related to the Claim, and that CMR must cease and desist all communications and negotiations with Empire related to the Claim and pending appeal.

29. Upon information and belief, The Orchards offered the same exterior construction and roofing services subject to the AOB and Agreement via a competitive bid process. Recently,

a meeting was hosted by The Orchards with unrelated contractors where the bid process was offered, which ultimately resulted in the Orchards receiving numerous bids.

30. Upon information and belief, The Orchards have hired, retained, or otherwise engaged a new contractor to perform the exact contracting and roofing services subject of the AOB and Agreement.

31. On May 28, 2020, UCMS, LLC d/b/a Universal Contracting of Florida under Application Number PRBD20200521137 applied for a permit to "remove and replace roof tile to tile" on The Orchards property.

32. CMR disputes the following: (i) The Orchards have the legal or equitable right to revoke or otherwise terminate the AOB; (ii) that The Orchards have any right to the insurance proceeds related to the Claim; (iii) that CMR must cease and desist all communication and negotiations with Empire when The Orchards irrevocably and unequivocally assigned specified Policy-based benefits as well as the right to receive direct payment from Empire; (iv) that CMR (and its counsel) is only limited to the value of the work completed or to be completed up to May 28, 2020; and (v) that The Orchards has the right or ability to terminate the Agreement and hire a new contractor to perform the exterior construction and roofing services that are the subject of the AOB and Agreement.

33. CMR has retained the undersigned law firm to represent it in this action and has agreed to pay it a reasonable attorney fee for services rendered in connection herewith.

34. All conditions precedent to bringing this action have been performed, excused or otherwise waived as being futile.

LAW OFFICES OF ALAN S. FELDMAN, PA  -  10396 West State Road 84 · Suite 106 · Davie · Florida 33324

Case No.:

## COUNT I
## DECLARATORY JUDGMENT

35. CMR repeats and realleges paragraphs 1 through 34 above, as if fully set forth herein.

36. Pursuant to the Federal Declaratory Judgment Act, 28 USC § 2201(a), the Parties have an actual controversy within the jurisdiction of this Court with respect to the interpretation, enforceability, rights, and interest pursuant to the AOB executed by CMR and The Orchards.

37. This is an action for declaratory relief, pursuant to 28 USC § 2201(a).

38. CMR's rights under the AOB, and The Orchards' liability for its unlawful revocation and termination of the AOB, are immediate and real and CMR has suffered, and will continue to suffer, injury into the future.

39. The Orchards' revocation and termination of the unqualified and whole AOB is not permitted by law or equity.

40. The Orchards' unilateral revocation and termination of the AOB is made in bad faith or unconscionable and in violation of the unambiguous terms of the AOB.

41. CMR demands a declaration of this Court finding that The Orchards' revocation and termination of the AOB is in violation of the assignment of any and all insurance rights, benefits, and proceeds under the Policy related to the Claim.

42. CMR further demands a declaration of this Court that The Orchards have no right to instruct The Orchards to cease and desist any communication or negotiations with Empire in connection with the Claim.

43. CMR further demands a declaration of this Court that in accordance with the AOB, CMR (and its counsel) is entitled to more than the value of the work completed or to be completed up to May 28, 2020.

44. CMR further demands a declaration of this Court that The Orchards have no authority to hire a new contractor to perform the exterior construction and roofing services that CMR was hired to perform and which is the subject of the AOB.

45. CMR further demands a declaration of this Court finding that it has suffered injury and will continue to suffer injury as a direct and foreseeable result of The Orchard's unlawful revocation and termination of the AOB, which such damages include the rights to any and all proceeds under the Policy related to the Claim, loss profits, out of pocket expenses, materials, labor, and compensatory and special damages.

46. Pursuant to 28 USC § 2201(a), the Parties have a real and actual controversy within the jurisdiction of this Court and all elements necessary to support a cause of action for declaratory relief are present:

   a. There is a bona fide, actual, present need for a declaration that the AOB, is valid, enforceable, and CMR has all rights to the insurance proceeds, benefits, and CMR has the right and authority to communicate and negotiate with Empire related to the Claim.

   b. There is a bona fide, actual, present need for a declaration that the AOB is unqualified and whole, and therefore irrevocable.

   c. There is a bona fide, actual, present need for a declaration that the AOB, is not subject to revocation and The Orchards irrevocably and unequivocally assigned all Policy based benefits to CMR under the Policy related to the Claim.

   d. There is a bona fide, actual, present need for a declaration under the AOB that CMR is not limited to solely the value of the services completed or to be completed, as asserted by The Orchards pursuant to the terms and conditions of the AOB.

LAW OFFICES OF ALAN S. FELDMAN, PA  -  10396 West State Road 84 · Suite 106 · Davie · Florida 33324

    e.  There is a bona fide, actual, present need for a declaration under the AOB that CMR has all rights, interest, and claim to complete and perform the exterior construction and roof repairs to the property pursuant to the Claim.

    f.  There is a bona fide, actual, present need for a declaration under the AOB that The Orchards do not have the right to hire a new contractor to perform the exterior construction and roof repairs to the property pursuant to the Claim.

    g.  There is a bona fide, actual, present need for a declaration that under the AOB CMR has been and will continue to be damaged.

    h.  The declaration sought deals with a present controversy as to an ascertainable set of facts.

    i.  The Plaintiffs and the Defendants have an actual, present, adverse and antagonistic interest in the subject matter of this Complaint, either in fact or law.

    j.  The antagonistic and adverse interests are all before this Court.

    k.  The relief sought is not merely the giving of legal advice or providing the answer to a question propounded from curiosity, but stems from an actual controversy.

**WHEREFORE**, Plaintiff, CMR CONSTRUCTION AND ROOFING, LLC, respectfully requests this Court's entry of a Judgment against Defendant according to the declaratory relief sought, interest, attorneys' fees and costs and for such other and further relief as this Court deems just and proper as a matter of law or equity.

### COUNT II
### DECLARATORY JUDGMENT

    47.  CMR repeats and realleges paragraphs 1 through 34 above, as if fully set forth herein.

48. Pursuant to the Federal Declaratory Judgment Act, 28 USC § 2201(a), the Parties have an actual controversy within the jurisdiction of this Court with respect to the interpretation, enforceability, rights, and interest pursuant to the Agreement executed by CMR and The Orchards.

49. This is an action for declaratory relief, pursuant to 28 USC § 2201(a).

50. The Orchards materially and substantially terminated the Agreement.

51. CMR's rights under the Agreement, and The Orchards' liability for its unlawful revocation and termination of the Agreement, are immediate and real and CMR has suffered, and will continue to suffer, injury into the future.

52. The Orchards fail to have any contractual rights or ability to terminate or cancel the Agreement, yet it has prohibited CMR from entering the property to perform the exterior construction and roofing repairs and has hired a new contractor to perform the repairs subject to the Agreement.

53. The Orchards' unilateral termination of the Agreement is made in bad faith or unconscionable and in violation of the unambiguous terms of the Agreement.

54. CMR has performed all duties and undertakings on its part to be performed by, *inter alia*, pursuing the insurance Claim and all insurance benefits and proceeds, performing emergency and necessary roof repairs, temporary patch and repair work, drywall repairs, and soffit repairs. Further, at the request of The Orchards, CMR obtained shrink wrap estimates for all 31 buildings, performed attic and insulation inspections for mold and received a bid for such remediation.

55. CMR representatives attended no less than five board meetings and thirteen meetings with The Orchards board members in pursuit of the Loss and to develop and implement a construction plan for the repairs.

56. CMR demands a declaration of this Court interpreting and finding that The Orchards' unilateral termination of the Agreement is in violation of the Agreement's terms and conditions and is a material and substantial breach of the Agreement.

57. CMR further demands a declaration of this Court that CMR (and its counsel) is entitled to more than the value of the work completed or to be completed up to May 28, 2020.

58. CMR further demands a declaration of this Court that The Orchards have no authority to hire a new contractor to perform the exterior construction and roofing services that CMR was hired to perform and which is the subject of the Agreement entered in conjunction with and pursuant AOB related to the Claim.

59. CMR further demands a declaration of this Court finding that it has suffered injury and will continue to suffer injury as a direct and foreseeable result of The Orchard's unlawful termination of the Agreement, which such damages include the rights to any and all proceeds under the Policy related to the Claim, loss profits, out of pocket expenses, materials, labor, and compensatory and special damages.

60. Pursuant to 28 USC § 2201(a), the Parties have a real and actual controversy within the jurisdiction of this Court and all elements necessary to support a cause of action for declaratory relief are present:

   a. There is a bona fide, actual, present need for a declaration that the Agreement is valid and enforceable, and The Orchards have no right to terminate the Agreement entered in conjunction with and pursuant AOB related to the Claim.

   b. There is a bona fide, actual, present need for a declaration under the Agreement that CMR is not limited to solely the value of the services completed or to be completed, as asserted by The Orchards.

LAW OFFICES OF ALAN S. FELDMAN, PA  -  10396 West State Road 84 · Suite 106 · Davie · Florida 33324

    c. There is a bona fide, actual, present need for a declaration under the Agreement that CMR has all rights, interest, and claim to complete and perform the exterior construction and roof repairs to the property pursuant to the Agreement entered in conjunction with and pursuant AOB related to the Claim.

    d. There is a bona fide, actual, present need for a declaration under the Agreement that The Orchards do not have the right to hire a new contractor to perform the exterior construction and roof repairs to the property pursuant to the Claim.

    e. There is a bona fide, actual, present need for a declaration that under the Agreement CMR has been and will continue to be damaged.

    f. The declaration sought deals with a present controversy as to an ascertainable set of facts.

    g. The Plaintiffs and the Defendants have an actual, present, adverse and antagonistic interest in the subject matter of this Complaint, either in fact or law.

    h. The antagonistic and adverse interests are all before this Court.

    i. The relief sought is not merely the giving of legal advice or providing the answer to a question propounded from curiosity, but stems from an actual controversy.

**WHEREFORE**, Plaintiff, CMR CONSTRUCTION AND ROOFING, LLC, respectfully requests this Court's entry of a Judgment against Defendant according to the declaratory relief sought, interest, attorneys' fees and costs and for such other and further relief as this Court deems just and proper as a matter of law or equity.

### COUNT III
### BREACH OF CONTRACT

61. CMR repeats and realleges paragraphs 1 through 34 above, as if fully set forth herein.

LAW OFFICES OF ALAN S. FELDMAN, PA  -  10396 West State Road 84 · Suite 106 · Davie · Florida 33324

62. On April 12, 2018, CMR and The Orchards entered into a legally enforceable and binding Agreement for roofing services, which was amended via an addendum on April 30, 2020. *See* Exhibit "B."

63. The Orchard's May 28, 2020 correspondence is a clear and unequivocal repudiation of the Agreement.

64. The Orchards have first breached the Agreement.

65. The Orchards' breach of the Agreement is material and substantial.

66. The Orchards materially breached the Agreement when it, *inter alia*: (i) prohibited CMR from completing the exterior construction services as provided in the Agreement, (ii) placed for competitive bid the exterior construction and roofing services subject to the Agreement; (iii) hired "another contractor to perform all of the remaining work to the property" under the Agreement; (iv) The Orchards permitted the new contractor to apply for a new permit to perform the exterior construction and roof services subject to the Agreement; (v) has prohibited CMR from entering the property subject to the Agreement, and (vi) CMR is prohibited from continuing to perform any work on the property." *See* Exhibit "F.

67. The Orchards did not cancel the Agreement in accordance with the terms of the Buyer's Right To Cancel.

68. CMR has not waived its rights, claims, or interest under the Agreement.

69. CMR has fully performed its obligations under the Agreement.

70. As a direct, proximate and foreseeable consequence of The Orchards' material breach of the Agreement, CMR has and will continue to be damaged in an amount in excess of $75,000.00, including but not limited to loss profits, payment for services performed, out of pocket expenses, labor, and compensatory and special damages.

Case No.:

**WHEREFORE**, Plaintiff, CMR CONSTRUCTION AND ROOFING, LLC respectfully requests this Court's entry of a Judgment against Defendant for all damages, including loss profits, interest, attorneys' fees and costs and for such other and further relief as this Court deems just and proper as a matter of law.

## COUNT IV
## UNJUST ENRICHMENT

71. CMR repeats and realleges paragraphs 1 through 34 above, as if fully set forth herein.

72. CMR has conferred a benefit on The Orchards by way of services performed under the Agreement, who has knowledge thereof.

73. The Orchards have voluntarily accepted and retained the conferred benefits by CMR, and have knowledge thereof.

74. The Orchards have been unjustly enriched by the services and benefits provided to it by CMR under the Agreement in an amount in excess of $75,000.00.

75. The circumstances are such that it is inequitable for The Orchards to retain the benefit without paying the value thereof to CMR.

76. CMR is entitled to damages as a result of The Orchards unjust enrichment.

**WHEREFORE**, Plaintiff, CMR CONSTRUCTION AND ROOFING, LLC respectfully requests this Court's entry of a Judgment against Defendant for damages, interest, attorneys' fees and costs and for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

CMR demands trial by jury in this action of all issues and counts so triable as of right and permitted by law.

LAW OFFICES OF ALAN S. FELDMAN, PA  -  10396 West State Road 84 · Suite 106 · Davie · Florida 33324

Case No.:

Respectfully submitted,

LAW OFFICES OF ALAN S. FELDMAN, PA
Attorney for Plaintiff
10396 West State Road 84, Suite 106
Davie, Florida 33324
Tel:  (954) 465-7655

By:   /s/Alan S. Feldman
      ALAN S. FELDMAN
      Florida Bar No.: 797251
      afeldman@alanfeldmanlaw.com