```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

CMR CONSTRUCTION & ROOFING
LLC,

        Plaintiff,

v.                                  Case No:  2:20-cv-422-FtM-29MRM

THE   ORCHARDS   CONDOMINIUM
ASSOCIATION, INC.,

        Defendant.
_____


THE   ORCHARDS   CONDOMINIUM
ASSOCIATION, INC.,

        Plaintiff,

v.                                  Case No:  2:20-cv-564-FtM-29MRM

EMPIRE  INDEMNITY  INSURANCE
COMPANY and CMR CONSTRUCTION
& ROOFING LLC,

        Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on review of defendant The Orchards Condominium Association, Inc.'s Motion to Dismiss (Doc. #24) filed on September 22, 2020.  Plaintiff CMR Construction and Roofing, LLC filed a Response In Opposition (Doc. #28) on October 6, 2020.  For the reasons set forth below, the motion is denied.

**I.**

Defendant The Orchards Condominium Association, Inc. (The Orchards) is a residential condominium association in Naples, Florida. (Doc. #16, ¶ 5.) The Orchards was issued an insurance policy by Empire Indemnity Insurance Company (Empire) providing insurance on thirty-one buildings. (Id. ¶ 11, 21.) In September 2017, The Orchards sustained significant roof and exterior damage caused by wind and rain from Hurricane Irma, which loss was timely reported to Empire. (Id. ¶ 12, 21.) In April 2018, The Orchards entered into a Contract for Services with plaintiff CMR Construction and Roofing, LLC (CMR) to provide roofing repairs. (Id. ¶¶ 13-14.) The Orchards also provided CMR with an Assignment of Benefits (the Assignment) which assigned to CMR all of its rights to the Empire insurance benefits relating to the roof repair. (Id. ¶ 13; Doc. #16-4, p. 187.) Both the Services Agreement and the Assignment were signed by The Orchards' president, Mark Johnson (Johnson). (Doc. #16, ¶ 15.)

CMR, pursuant to its rights under the Assignment, advised Empire of a replacement cost value estimate, but Empire failed to acknowledge coverage for all the damages sustained by The Orchards. In September 2018, CMR filed a one-count breach of contract complaint against Empire in the Circuit Court for the Twentieth Judicial Circuit in and for Collier County. (Id. ¶ 26-27; Doc. #16-4, p. 98.) The case was removed to federal court, and Empire

2

was granted summary judgment in April 2020. (Doc. #16, ¶ 28; CMR Construction & Roofing, LLC v. Empire Indem. Ins. Co., 2020 WL 1557887 (M.D. Fla. Apr. 1, 2020). CMR timely filed a notice of appeal, and the appeal remains pending in the Eleventh Circuit Court of Appeals. (Doc. #16, ¶ 29.)

In May 2020, over two years after assigning the pertinent rights and benefits of the Empire insurance policy to CMR, The Orchards notified CMR that it was revoking the Assignment and ordered CMR to cease all negotiations and work on the property. (Id. ¶¶ 30-32; Doc. #16-6, pp. 189-90.) The Orchards asserted that the Assignment was invalid because The Orchards' Declaration of Condominium prohibited such an assignment. (Doc. #16, ¶ 33; Doc. #16-7, p. 217.)

CMR initiated this lawsuit in June 2020[1] and filed an Amended Complaint against The Orchards and Johnson on September 8, 2020. (Doc. #1; Doc. #16.) The ten-count Amended Complaint contains the following claims: (1) declaratory judgment (against The Orchards) with regard to the Assignment; (2) declaratory judgment (against The Orchards) with regard to the Contract for Services; (3) breach of the Contract for Services (against The Orchards); (4) fraud in

---

[1] In July 2020, The Orchards filed a complaint against Empire and CMR in the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, which was subsequently removed to this Court and consolidated with this case.

3

the inducement (against The Orchards) with regard to the Assignment; (5) fraud in the inducement (against Johnson) with regard to the Assignment; (6) fraudulent misrepresentation (against The Orchards) with regard to the Assignment; (7) fraudulent misrepresentation (against Johnson) with regard to the Assignment; (8) negligent misrepresentation (against The Orchards) with regard to the Assignment; (9) negligent misrepresentation (against Johnson) with regard to the Assignment; and (10) unjust enrichment (against The Orchards).  (Doc. #16, pp. 11-28.)  The Orchards now seeks dismissal of Counts Four, Six, and Eight of the Amended Complaint.

**II.**

**A. Legal Standards**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me

4

accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible. Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**B. Analysis**

The Orchards seeks dismissal of three similar claims relating to the Assignment. Count Four alleges The Orchards made misrepresentations of material facts to induce CMR to enter into the Assignment. (Doc. #16, ¶¶ 83-92.) Count Six alleges The Orchards intentionally made fraudulent misrepresentations of

material facts regarding its authority and capacity to enter into the Assignment in order to induce CMR to act and enter into the Assignment. (Id. ¶¶ 105-13.) Finally, Count Eight alleges The Orchards negligently made material misrepresentations to induce CMR to enter into the Assignment. (Id. ¶¶ 125-32.) As relief for these claims, CMR seeks "all damages, including loss [sic] profits, attorneys' fees and costs and for such other and further relief as this Court deems just and proper as a matter of law." (Id. pp. 20, 23, 26.) The Orchards argues that all three claims must be dismissed pursuant to Florida's independent tort doctrine. (Doc. #24, pp. 6-9.)

Defendant's argument is premised on the remnants of Florida's economic loss rule. "Simply put, the economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc., 110 So. 3d 399, 401 (Fla. 2013). General application of this rule proved problematic, and in 2013 the Florida Supreme Court limited it to products liability cases. Id. at 407 ("[W]e now take this final step and hold that the economic loss rule applies only in the products liability context. We thus recede from our prior rulings to the extent that they have applied the economic loss rule to cases other than products liability.") In a concurring opinion Justice Pariente explained

that this limitation of the economic loss rule to products liability cases did not upset certain common-law principles, including that the tort must be independent of any breach-of-contract claim. Id. at 408. Thus, the rule remains that "[w]here a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract." HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238, 1239 (Fla. 1996) (citations omitted).

Florida law distinguishes between "fraud in the inducement (a false representation is made and relied upon in forming the contract) and fraud in the performance (a party to the contract claims to have performed but has actually just tricked the other party into believing that they have)." Prewitt Enters., LLC v. Tommy Constantine Racing, LLC, 185 So. 3d 566, 569 (Fla. 4th DCA 2016). Generally, misrepresentations relating to the breaching party's performance of a contract do not give rise to any independent cause of action in tort, while pre-contractual representations may constitute an independent tort. E.g., Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC, 904 F.3d 1197, 1223 (11th Cir. 2018); Global Quest, LLC v. Horizon Yachts, Inc., 849 F.3d 1022, 1031 (11th Cir. 2017); Prewitt, 185 So. 3d at 571. A fraudulent inducement claim must still be independent of a breach of contract claim. Global Quest, 849 F.3d at 1031. A tort action based on fraud is not barred if the fraud

7

alleged does not relate to an act of performance under the contract but instead relates to a term in the agreement. Brown v. Chamax, LLC, 51 So. 3d 552, 556 (Fla. 2d DCA 2010) (citing Allen v. Stephan Co., 784 So.2d 456, 457 (Fla. 4th DCA 2000)).

As in Global Quest, "that minimal requirement is readily met here—the fraud allegations are separate and distinct from defendants' performance under the contract." 849 F.3d at 1031. The fraud allegations concern representations about the Assignment and the authority to enter into an assignment, not performance of the Contract for Services. The Contract for Services contains no statements about either. Such fraud and negligence claims therefore could not form the basis of a breach of contract claim, and are not barred under Florida law. See Brown, 51 So. 3d at 556.

The Orchards argues, however, that the fraudulent inducement, fraudulent misrepresentation, and negligent misrepresentation claims must be dismissed "because the damages that CMR seeks under these three counts is [sic] identical to those sought under the breach of contract count of its Amended Complaint." (Doc. #24, pp. 6-7.) The Orchards essentially argues that the three tort claims are seeking the same damages sought in the breach of contract claim, and that those damages relate to the insurance proceeds. (Id. p. 8.)

8

In a breach of contract action, "[a] non-breaching party is entitled to recover the benefit of its bargain under a contract. . . . [T]he goal of damages is to place the injured party in the same position in which it would have been had the breach not occurred." Perera v. Diolife LLC, 274 So. 3d 1119, 1124 (Fla. 4th DCA 2019) (citations omitted). There are two standards for measuring damages in an action for fraud, and either may be used depending upon the circumstances. Martin v. Brown, 566 So. 2d 890, 891-92 (Fla. 4th DCA 1990) (describing the "benefit of the bargain" rule and the "out-of-pocket" rule).

Defendant's argument is misplaced. The breach of contract claim seeks damages caused by the breach of the Contract for Services, and does not seek damages relating to the Assignment of insurance benefits. (Doc. #16, pp. 17-18.) Second, while the measure of damages may overlap, damages are not necessarily coterminous. For example, it seems clear from the allegations in the Amended Complaint that CMR relied upon the Assignment to engage in litigation against Empire on The Orchards behalf, which resulted in the expenditure of funds. While double recovery is not allowed, there is no basis to dismiss the three counts.

Accordingly, it is now

**ORDERED:**

Defendant The Orchards Condominium Association, Inc.'s Motion to Dismiss (Doc. #24) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of October, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record