```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CMR CONSTRUCTION & ROOFING
LLC,

      Plaintiff,

v.                                Case No:   2:20-cv-422-FtM-29MRM

THE ORCHARDS CONDOMINIUM
ASSOCIATION, INC.,

      Defendant.

_____

THE ORCHARDS CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.                                Case No:   2:20-cv-564-FtM-29MRM

EMPIRE INDEMNITY INSURANCE
COMPANY and CMR CONSTRUCTION
& ROOFING LLC,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of the Motion to Dismiss The Orchards' Complaint or in the alternative to Abate or Stay Count II of the Complaint Until Count I is Resolved (Doc. #14), filed on September 1, 2020, by defendant Empire Indemnity Insurance Company (Empire). Plaintiff The Orchards Condominium Association, Inc. (The Orchards) filed a Response In Opposition (Doc. #21) on September 15, 2020, to which Empire filed a Reply

(Doc. #29) on October 7, 2020.  For the reasons set forth below, the motion denied.

## I.

The Court recently described the factual history between the parties as follows:

> [T]he Orchards Condominium Association, Inc. (The Orchards) is a residential condominium association in Naples, Florida. The Orchards was issued an insurance policy by Empire Indemnity Insurance Company (Empire) providing insurance on thirty-one buildings. In September 2017, The Orchards sustained significant roof and exterior damage caused by wind and rain from Hurricane Irma, which loss was timely reported to Empire. In April 2018, The Orchards entered into a Contract for Services with . . . CMR Construction and Roofing, LLC (CMR) to provide roofing repairs. The Orchards also provided CMR with an Assignment of Benefits (the Assignment) which assigned to CMR all of its rights to the Empire insurance benefits relating to the roof repair. Both the Services Agreement and the Assignment were signed by The Orchards' president, Mark Johnson (Johnson).
>
> CMR, pursuant to its rights under the Assignment, advised Empire of a replacement cost value estimate, but Empire failed to acknowledge coverage for all the damages sustained by The Orchards. In September 2018, CMR filed a one-count breach of contract complaint against Empire in the Circuit Court for the Twentieth Judicial Circuit in and for Collier County. The case was removed to federal court, and Empire was granted summary judgment in April 2020. CMR timely filed a notice of appeal, and the appeal remains pending in the Eleventh Circuit Court of Appeals.
>
> In May 2020, over two years after assigning the pertinent rights and benefits of the Empire insurance policy to CMR, The Orchards notified CMR that it was revoking the Assignment and ordered CMR to cease all negotiations and work on the property. The Orchards asserted that the Assignment was invalid because The

> Orchards' Declaration of Condominium prohibited such an assignment.

CMR Constr. & Roofing LLC v. Orchards Condo. Ass'n, Inc., 2020 WL 6273740, *1 (M.D. Fla. Oct. 26, 2020) (citations omitted).

In July 2020, The Orchards filed a two-count Complaint against Empire and CMR in state court, which has now been removed to federal court. In Count I The Orchards seeks a declaratory judgment against CMR determining that The Orchards has standing to bring the breach of contract action in Count II against Empire because its prior Assignment to CMR is "either properly revoked or not valid." (Doc. #3, p. 7.) In Count II The Orchards sues Empire for breach of contract for refusing to fully pay under the insurance policy. (Id. pp. 7-9.)

Empire seeks to dismiss Count II, the only claim against it, because The Orchards lacks standing to enforce the insurance contract in light of its prior Assignment to CMR. Alternatively, Empire seeks to stay the breach of contract claim pending resolution of the declaratory relief claim in Count I and the Eleventh Circuit appeal of the summary judgment in its favor in the prior case. (Doc. #14.)

**II.**

**A. Dismissal of Count I**

Empire argues that The Orchards must have standing to sue it on Count II, and to obtain such standing it must first prevail on

Count I.  Empire relies upon the well-established principle that "[o]nce an assignment has been made, the assignor no longer has a right to enforce the interest because the assignee has obtained all rights to the thing assigned."  One Call Prop. Servs. Inc. v. Sec. First Ins. Co., 165 So. 3d 749, 752 (Fla. 4th DCA 2015) (marks and citation omitted)).  If not dismissed, Empire argues that at the very least Count II should be stayed until Count I is resolved (as well as the pending appeal in the prior case.)

Empire is certainly correct that The Orchards must have standing as to Count II in order to proceed in federal court against Empire.  The Court must decide whether a plaintiff has Article III standing before reaching the merits of a claim.  Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990, 996 (11th Cir. 2020) (citations omitted.)  To have Article III standing, a plaintiff must show that it "(1) suffered an injury-in-fact (2) that is fairly traceable to the defendant's conduct and (3) is redressable by a favorable judicial decision."  MSPA Claims 1, LLC v. Tenet Fla., Inc., 918 F.3d 1312, 1317 (11th Cir. 2019); see also Gill v. Whitford, 138 S. Ct. 1916, 1929 (2018); Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).  "Article III standing must be determined as of the time that the plaintiff's complaint is filed."  A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co., 925 F.3d 1205, 1212 (11th Cir. 2019) (on rehearing).

4

It is also certainly true that an assignee may assert an injury in fact which was actually suffered by the assignor. Tenet, 918 F.3d at 1317; Sprint Commc'ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 286 (2008) ("[T]he assignee of a claim has standing to assert the injury in fact suffered by the assignor." (citation omitted)); MSP Recovery Claims, Series LLC v. QBE Holdings, Inc., 965 F.3d 1210, 1217 (11th Cir. 2020). To determine whether an assignee has standing, the Court determines if (1) the assignor (here The Orchards) suffered an injury-in-fact, and (2) the assignor's claim arising from that injury was validly assigned to the assignee (here CMR). Tenet, 918 F.3d at 1318.

Where Empire goes astray, however, is its argument that The Orchards must first prevail on Count I in order to establish standing to proceed on Count II. While The Orchards will eventually have to prevail on the issues of the invalidity or revocation of the Assignment, it need not prevail at the pleading stage. At the motion-to-dismiss stage, a plaintiff bears the burden of alleging facts that plausibly establish its standing. Trichell, 964 F.3d at 996 (citing Ashcroft v. Iqbal, 556 U.S. 662, 677–84 (2009)). If the complaint does so, the standing issue remains alive but the case continues.

The Complaint alleges The Orchards properly revoked the Assignment in May 2020, or alternatively that the Assignment was never valid to begin with. (Doc. #3, pp. 2-5.) Assuming either of these is true, as the Court is required to do at this stage of the proceedings, The Orchards would remain the entity entitled to enforce the insurance policy, and therefore have standing.

Empire also argues that the issue of standing was previously decided and therefore The Orchards is estopped from denying the validity of the Assignment. (Doc. #14, pp. 12-15.) In prior Opinions and Orders, the Court assumed the validity of the Assignment without ever addressing the issues that are now being raised. See CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co., 2020 WL 1557887, *1 n.1 (M.D. Fla. Apr. 1, 2020) (rejecting argument that policy could not be assigned without Empire's permission and noting CMR "now stands in The Orchards' shoes"); CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co., 2019 WL 2281678, *3 (M.D. Fla. May 29, 2019) (finding CMR had standing to seek appraisal under the policy because "it is clear" The Orchards assigned a policy benefit to CMR).

Because these prior opinions did not address whether the Assignment was properly revoked or invalid from the outset, the Court did not decide either issue in these prior orders. "When a potential jurisdictional defect is neither noted nor discussed in a federal decision, the decision does not stand for the proposition

6

that no defect existed." Ariz. Christian Sch. Tuition Org. v. Winn, 563 U.S. 125, 144 (2011).

Because the Complaint plausibly alleges that the Assignment was either invalid or revoked, The Orchards has sufficiently alleged its standing to proceed on Count II. Accordingly, Empire's motion to dismiss Court II is denied.

**B. Stay of Proceedings on Count II**

As an alternative to dismissal of the Complaint, Empire requests the Court stay the breach of contract claim until resolution of both the declaratory judgment claim and the Eleventh Circuit appeal. (Doc. #14, pp. 15-17.) Empire argues that in deciding the declaratory judgment claim, the Court may determine The Orchards lacks standing, thereby mooting the breach of contract claim. (Id. p. 15.) Empire further suggests the Eleventh Circuit's decision "also may affect the outcome of certain legal issues," and it is therefore in the parties' best interest for a stay to be imposed. (Id.) Finally, Empire argues it "should not have to re-litigate the same case when the case may be moot anyway if the assignment is adjudicated as valid." (Id.)

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). "In considering whether a stay is warranted, courts in this district have considered a number of factors, including: (1) whether a stay will simplify the issues

7

and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and the court; and (3) whether the stay will unduly prejudice the non-moving party." Vintage Bay Condo. Ass'n, Inc. v. Lexington Ins. Co., 2019 WL 1149904, *1 (M.D. Fla. Mar. 13, 2019) (marks and citations omitted).

The Court finds a stay of the breach of contract claim pending the outcome of the declaratory judgment claim and/or the appellate proceedings is not appropriate. See Lane v. Enhanced Recovery Co. LLC, 2018 WL 2688761, *1 (M.D. Fla. May 1, 2018) (noting that "[m]otions to stay are not favored because when discovery is delayed or prolonged it can create case management problems" (marks and citation omitted)); see also Thomas v. Chenega Infinity, LLC, 2019 WL 2551899, *1 (M.D. Fla. May 7, 2019) (denying motion to stay case because, *inter alia*, "the parties have offered no exceptional circumstances that would warrant a stay"). The issue of standing remains a live issue in Count II, as well as Count I, and there is no reason to sever the counts. Additionally, there is no indication the outcome of the Eleventh Circuit appeal will significantly impact the issues in this case. To the extent Empire suggests it will be irreparably harmed if a stay is not imposed due to "extensive and redundant discovery, reengagement of experts, and substantial motion practice" (Doc. #14, p. 16), the Court is not convinced. See Sampson v. Murray, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money,

time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." (citation omitted)).

Accordingly, it is now

**ORDERED:**

Defendant Empire Indemnity Insurance Company's Motion to Dismiss The Orchards' Complaint or in the alternative to Abate or Stay Count II of the Complaint Until Count I is Resolved (Doc. #14) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of November, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

9