```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CMR CONSTRUCTION & ROOFING LLC,

       Plaintiff,

v.                              Case No: 2:20-cv-422-FtM-29MRM

THE ORCHARDS CONDOMINIUM ASSOCIATION, INC.,

       Defendant.

---

THE ORCHARDS CONDOMINIUM ASSOCIATION, INC.,

       Plaintiff,

v.                              Case No: 2:20-cv-564-FtM-29MRM

EMPIRE INDEMNITY INSURANCE COMPANY and CMR CONSTRUCTION & ROOFING LLC,

       Defendants.

---

CMR CONSTRUCTION & ROOFING, LLC, a/a/o The Orchards Condominium Association, Inc.,

       Plaintiff,

v.                              Case No: 2:20-cv-917-FtM-29MRM

EMPIRE INDEMNITY INSURANCE COMPANY,

       Defendant.

---

**OPINION AND ORDER**

I.

Some background is necessary to understand the consolidated three cases currently before the Court and the pending motions.

The Orchards Condominium Association, Inc. (The Orchards) is a residential condominium association in Naples, Florida. The Orchards was issued an insurance policy (the Policy) by Empire Indemnity Insurance Company (Empire) providing insurance coverage on thirty-one buildings. In September 2017, The Orchards sustained significant roof and exterior damage caused by wind and rain from Hurricane Irma.

In April 2018, The Orchards entered into a Contract for Services (the Contract) with CMR Construction and Roofing, LLC (CMR) to provide roofing repairs. The Orchards also provided CMR with an Assignment of Benefits (the Assignment) which assigned to CMR all of The Orchards' rights to the Empire insurance benefits relating to the roof repairs. Both the Contract and the Assignment were signed by The Orchards' president, Mark Johnson (Johnson). So far, a total of four lawsuits have followed these events.

In September 2018, CMR filed a one-count breach of contract complaint against Empire in state court, which was removed to federal court. See CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co., Case No. 2:18-cv-779. CMR, as The Orchards' assignee, asserted that Empire breached the Policy by underestimating the costs necessary to make all repairs and failing to acknowledge

2

coverage for all the damages sustained by The Orchards. In April 2020, the district court entered summary judgment in favor of Empire, which has recently been affirmed on appeal by the Eleventh Circuit Court of Appeals. CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co., 2021 WL 246201 (11th Cir. Jan. 26, 2021).

In May 2020, over two years after executing the Assignment, The Orchards notified CMR that it was revoking the Assignment and ordered CMR to cease all negotiations and work on the property. The Orchards asserted that the Assignment was invalid because The Orchards' Declaration of Condominium prohibited such an assignment. Two lawsuits concerning the Assignment have followed.

CMR filed suit in June 2020 in CMR Construction and Roofing, LLC v. The Orchards Condominium Association, Inc. and Mark Johnson, individually, Case No. 2:20-cv-422. The operative pleading is an Amended Complaint filed on September 8, 2020. (Doc. #16.) The ten-count Amended Complaint contains the following claims: (1) declaratory judgment (against The Orchards) with regard to the Assignment; (2) declaratory judgment (against The Orchards) with regard to the Contract; (3) breach of the Contract (against The Orchards); (4) fraud in the inducement (against The Orchards) with regard to the Assignment; (5) fraud in the inducement (against Johnson) with regard to the Assignment; (6) fraudulent misrepresentation (against The Orchards) with regard to the Assignment; (7) fraudulent misrepresentation (against Johnson)

with regard to the Assignment; (8) negligent misrepresentation (against The Orchards) with regard to the Assignment; (9) negligent misrepresentation (against Johnson) with regard to the Assignment; and (10) unjust enrichment (against The Orchards). (Doc. #16, pp. 11-28.)

The Court denied The Orchards' motion to dismiss three of the counts (Doc. #30), and The Orchards then filed an Answer, Affirmative Defenses, and Counterclaims. (Doc. #32.) The Orchards asserted nine affirmative defenses and a single Counterclaim for negligence in connection with work performed at The Orchards. Johnson filed an Answer and Affirmative Defenses. (Doc. #35.)[1]

On July 6, 2020, The Orchards filed suit against Empire and CMR in state court, which was removed to federal court on August 4, 2020. See The Orchards Condo. Ass'n, Inc. v. Empire Indem. Ins. Co. & CMR Constr. & Roofing, LLC, Case No. 2:20-cv-564. The Complaint (Doc. #3) alleges one declaratory judgment count relating to the validity and revocation of the Assignment, and one breach of contract count against Empire for failing to pay the required amount under the Policy. CMR filed an Answer and Affirmative Defenses (Doc. #15) containing eleven affirmative

---

[1] While the document says it contains affirmative defenses, it does not.

defenses, and Empire filed an Answer and Additional Defenses (Doc. #41) containing ten additional defenses.

Finally, on November 19, 2020, CMR filed suit against Empire in CMR Construction and Roofing, LLC v. Empire Indemnity Insurance Company, Case No. 2:20-cv-917. This Complaint contains a single breach of contract count, alleging Empire breached the Policy by not tendering payment in response to an updated estimate submitted by CMR after the previous summary judgment. Empire recently filed a motion to dismiss the Complaint, which remains pending.

## II.

The current motion focuses on The Orchards' Affirmative Defenses and Counterclaims (Doc. #32) filed in response to the ten-count Amended Complaint. CMR's Motion to Dismiss Counterclaim, Motion to Strike The Orchards' Ninth Affirmative Defense, and Incorporated Memorandum of Law (Doc. #36) was filed on November 16, 2020, and The Orchards filed a Response in Opposition (Doc. #40) on November 30, 2020.

### A. Motion to Dismiss

CMR argues the negligence Counterclaim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim. (Id. p. 1.) Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires

5

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible. Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then

6

determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The negligence Counterclaim alleges The Orchards "hired CMR to complete roofing repairs," including "emergency services of tarping the roofs to prevent water intrusion" and "temporarily fixing leaks on the roofs until full roof replacements" occurred. (Doc. #32, p. 44.)  The Counterclaim alleges CMR, "[a]s a general contractor hired to perform repair work," owed The Orchards "a duty to exercise due care and reasonable skill in the performance of all emergency services and repair work." (Id.)  According to the Counterclaim, CMR breached this duty "by failing to properly install the tarps on the roof, allowing for ventilation, and by failing to fix the leak on one" of the roofs, causing damage to the property.  (Id. p. 45.)

CMR argues the negligence Counterclaim should be dismissed because it is barred by Florida's independent tort doctrine. (Doc. #36, pp. 2-3.)  CMR argues that because the duty the Counterclaim alleges CMR owed to The Orchards is premised upon the Assignment and Contract, the negligence claim does not have an independent basis.  (Id., p. 3, 11.)

"Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract."  HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So. 2d 1238, 1239 (Fla. 1996).  "Under

7

Florida's independent tort doctrine, 'it is well settled that a plaintiff may not recast causes of action that are otherwise breach-of-contract claims as tort claims.'" Altamonte Pediatric Assocs., P.A. v. Greenway Health, LLC, 2020 WL 5350303, *5 (M.D. Fla. Sept. 4, 2020) (quoting Spears v. SHK Consulting & Dev., Inc., 338 F. Supp. 3d 1272, 1279 (M.D. Fla. 2018)).

Viewing the Counterclaim allegations in the light most favorable to The Orchards as the non-moving party, the Court finds the negligent acts attributed to CMR are not independent of those acts which breached the contract, but are instead premised upon a duty that arises from the agreements between CMR and The Orchards. See Mills v. Krauss, 114 So. 2d 817, 820 (Fla. 2d DCA 1959) ("The general contractor, having undertaken to repair the premises of another, . . . is under a duty to the owner of the premises by virtue of a relationship created by the general contract to see to it that due care is used in repairing the premises.");[2] see also Kelly v. Lee Cty. RV Sales Co., 819 Fed. App'x 713, 718 (11th Cir. 2020) ("Under Florida law, no cause of action in tort can arise from a breach of a duty existing by virtue of contract." (marks

---

[2] The Court's conclusion that the negligence claim is based upon a contractual duty on the part of CMR moots the need to decide whether both the Assignment and Contract are invalid. (Doc. #40, pp. 7-10.)  If those agreements are in fact invalid, as The Orchards asserts, then the negligence claim fails to allege a basis for a legal duty CMR owed to The Orchards, and therefore fails to state a claim under Rule 12(b)(6).

and citation omitted); Capten Trading Ltd. v. Banco Santander Int'l, 2018 WL 1558272, *5 (S.D. Fla. Mar. 29, 2018) ("With respect to both of these [negligence and breach of fiduciary duty] claims, Capten has failed to establish a recognized duty existing outside of the parties' contractual relationship. Instead, both claims fall squarely within the fundamental contract principles that bar a tort claim where a defendant has not committed a breach of duty independent of his breach of contract." (marks and citation omitted)).[3]  Accordingly, the negligence Counterclaim is barred and will be dismissed without prejudice.

## B. Motion to Strike

In addition to seeking dismissal of the negligence Counterclaim, CMR requests the Court to strike The Orchards' ninth affirmative defense. (Doc. #36, pp. 13-15.)  This defense asserts that three of CMR's tort claims are barred by the independent tort doctrine and that the claims impermissibly seek the same damages as the Amended Complaint's breach of contract claim. (Doc. #32, pp. 41-43.) CMR argues the defense should be stricken because it is invalid as a matter of law. (Doc. #36, p. 15.)

---

[3] Given this determination, the Court also finds it unnecessary to address CMR's alternative argument that the Counterclaim is barred for failing to comply with Florida's pre-suit notice requirements. (Doc. #36, p. 12.)

An affirmative defense "is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." VP Properties & Devs., LLLP v. Seneca Specialty Ins. Co., 645 Fed. App'x 912, 916 (11th Cir. 2016) (citation omitted). A court "may strike from a pleading an insufficient defense," Fed. R. Civ. P. 12(f), and "[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove." Andrade v. Redrock Travel Grp., LLC, 2019 WL 2214808, *1 (M.D. Fla. Apr. 29, 2019) (citation omitted). "If a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Id. (marks and citation omitted).

In seeking to strike this defense, CMR argues "[t]he application of the Independent Tort Doctrine to Counts IV, VI, and VIII of the Amended Complaint is patently insufficient as a matter of law as it presents no substantial questions of law, which is clearly apparent from this Court's own Opinion and Order." (Doc. #36, p. 15.) As noted, the Court previously denied The Orchards' motion to dismiss three counts of the Amended Complaint, which had argued the three claims were barred by the independent tort doctrine. (Doc. #24.) However, the Court's prior Opinion and Order (Doc. #30) did not determine the legal sufficiency of the

10

independent tort doctrine as a defense; rather, the Court, viewing the allegations in the Amended Complaint in the light must favorable to CMR, found the doctrine did not bar the three tort claims at the pleadings stage. See Rosada v. John Wieland Homes & Neighborhoods, Inc., 2010 WL 1249841, *3 (M.D. Fla. Mar. 25, 2010) ("Defendants' sixth affirmative defense asserts Plaintiffs' claims for fraud and negligent misrepresentation are barred by the economic loss rule.  Plaintiffs believe this defense should be stricken because in its Order denying Defendants' motion to dismiss, the Court stated Plaintiffs' claims were not barred by the economic loss rule. . . .  The Order denying the motion to dismiss did not determine the economic loss rule was not a valid defense.  Rather, it determined at the pleadings stage, it was not enough to bar Plaintiffs' claims.  As such, this defense is still proper and need not be stricken.").

Since the Court cannot say at this stage of the proceedings that there is no set of facts under which The Orchards could disprove the application of the independent tort doctrine, Andrade, 2019 WL 2214808, *1, the Court finds striking the affirmative defense is not appropriate. See Wesolek v. Wesolek, 2020 WL 7587255, *7 (M.D. Fla. Dec. 22, 2020) (noting that a motion to strike is "a drastic remedy . . . disfavored by the courts").

Accordingly, it is now

**ORDERED**:

11

Plaintiff CMR Construction and Roofing, LLC's Motion to Dismiss Counterclaim, Motion to Strike The Orchards' Ninth Affirmative Defense, and Incorporated Memorandum of Law (Doc. #36) is **GRANTED in part and DENIED in part.** The Orchards' negligence Counterclaim is dismissed without prejudice. The motion is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of February, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record