```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CMR CONSTRUCTION & ROOFING
LLC,

       Plaintiff,

v.                                    Case No:  2:20-cv-422-FtM-29MRM

THE ORCHARDS CONDOMINIUM
ASSOCIATION, INC.,

       Defendant.
_____

THE ORCHARDS CONDOMINIUM
ASSOCIATION, INC.,

       Plaintiff,

v.                                    Case No:  2:20-cv-564-FtM-29MRM

EMPIRE INDEMNITY INSURANCE
COMPANY and CMR CONSTRUCTION
& ROOFING LLC,

       Defendants.
_____

CMR CONSTRUCTION & ROOFING,
LLC, a/a/o The Orchards
Condominium Association,
Inc.,

       Plaintiff,

v.                                    Case No:  2:20-cv-917-FtM-29MRM

EMPIRE INDEMNITY INSURANCE
COMPANY,

       Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Empire Indemnity Insurance Company's Motion to Dismiss CMR Construction & Roofing LLC a/a/o The Orchards Condominium Association, Inc.'s Amended Complaint (Doc. #57) filed on April 15, 2021. Plaintiff CMR Construction and Roofing, LLC filed a Response in Opposition (Doc. #74) on June 18, 2021, and Empire filed a Reply (Doc. #84) on July 21, 2021. For the reasons set forth below, the motion is denied.

**I.**

The Orchards Condominium Association, Inc. (The Orchards) is a residential condominium association in Naples, Florida. The Orchards was issued an insurance policy (the Policy) by Empire Indemnity Insurance Company (Empire) providing insurance coverage on thirty-one buildings. In September 2017, The Orchards sustained significant roof and exterior damage caused by wind and rain from Hurricane Irma.

In April 2018, The Orchards entered into a Contract for Services (the Contract) with CMR Construction and Roofing, LLC (CMR) to provide roofing repairs. The Orchards also provided CMR with an Assignment of Benefits (the Assignment) which assigned to CMR all of The Orchards' rights to the Empire insurance benefits

relating to the roof repairs. Both the Contract and the Assignment were signed by The Orchards' president, Mark Johnson.[1]

In September 2018, CMR filed a one-count breach of contract complaint against Empire in state court, which was removed to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a). <u>CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.</u>, Case No. 2:18-cv-779 (Doc. #1; Doc. #3.) CMR, as The Orchards' assignee, asserted that Empire breached the Policy by underestimating the costs necessary to make all repairs and failing to acknowledge coverage for all the damages sustained by The Orchards. In April 2020, the district court entered summary judgment in favor of Empire, which was affirmed on appeal by the Eleventh Circuit Court of Appeals. <u>CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.</u>, 843 F. App'x 189 (11th Cir. 2021).

In November 2020, CMR filed suit against Empire again in <u>CMR Construction and Roofing, LLC v. Empire Indemnity Insurance Company</u>, Case No. 2:20-cv-917. On March 18, 2021, CMR filed a First Amended Complaint (Doc. #53) against Empire asserting two claims: (1) breach of contract and (2) petition for declaratory judgment. As to Count One, CMR alleges Empire breached the Policy

---

[1] The Policy, the Contract, and the Assignment have led to four separate lawsuits amongst the parties, three of which have been consolidated. The Court will focus on the two relevant to the motion currently before the Court.

when it failed to pay the estimated actual cost value (ACV) damages provided to Empire in April 2020. (Id. ¶¶ 20-21, 30-37.) As to Count Two, CMR seeks to have the Court declare (1) CMR is entitled to the benefits under the Policy's Ordinance or Law Coverage provision, and (2) Empire breached the Policy. (Id. ¶ 47.)

On April 15, 2021, Empire filed the motion to dismiss currently before the Court. (Doc. #57.) Empire argues the breach of contract claim is barred under the doctrine of *res judicata* and the rule against splitting causes of action. (Id. p. 2.) Empire also argues the declaratory judgment claim should be dismissed because it is duplicative of the breach of contract claim. (Id. pp. 23-25.) The Court will address each of these arguments in turn.

## II.

### A. Res Judicata

"Res judicata is often analyzed as two separate components: claim preclusion and issue preclusion." Woodson v. Eleventh Jud. Cir. in & for Miami Dade Cnty., FL, 791 F. App'x 116, 119 (11th Cir. 2019) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984)). As the Supreme Court has stated:

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." New Hampshire v. Maine, 532 U.S.

4

> 742, 748, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. Id., at 748-749, 121 S. Ct. 1808. By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-154, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979).

Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (footnote omitted).

**(1) Legal Principles**

Res judicata is an affirmative defense. Fed. R. Civ. P. 8(c)(1). As an affirmative defense, the burden is upon the party asserting the defense to show the required prerequisites are satisfied. In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). Thus, in this case the burden is upon Empire to establish res judicata.

The first issue is whether the Court applies federal or state law to determine the preclusive effect of an earlier judgment of a federal court which exercised diversity jurisdiction. "The preclusive effect of a federal-court judgment is determined by federal common law." Taylor, 553 U.S. at 891 (citing Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 507-08 (2001)). While "federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity," federal common

5

law should be derived from "the law that would be applied by state courts in the State in which the federal diversity court sits." Semtek, 531 U.S. at 508. Accordingly, "[w]hen exercising diversity jurisdiction, we apply the state law of res judicata in which the federal diversity court sits." Aning v. Fed. Nat'l Mortg. Ass'n, 754 F. App'x 816, 818 (11th Cir. 2018) (citing Semtek, 531 U.S. at 508).[2]

Under Florida law, res judicata applies where there is:

> (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; (4) identity of the quality [or capacity] of the persons for or against whom the claim is made; and (5) the original claim was disposed on the merits.

Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1074 (11th Cir. 2013) (marks and citations omitted).

**(2)  Application of Principles to Present Case**

Having reviewed the arguments of the parties, the Court finds Empire has failed to meet its burden in demonstrating all of the above requirements for res judicata under Florida law are met.

---

[2] "This federal reference to state law will not obtain . . . in situations in which the state law is incompatible with federal interests." Semtek, 531 U.S. at 509. Fortunately, "[a] comparison between Florida rules and federal rules governing claim and issue preclusion reveals that the relevant principles are largely identical." SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 764 F.3d 1327, 1337 (11th Cir. 2014) (citations omitted).

Specifically, the Court finds Empire has failed to show a common "identity of the cause of action."[3]

"Identity of the cause of action is a question of 'whether the facts or evidence necessary to maintain the suit are the same in both actions.'" Lozman, 713 F.3d at 1074-75 (quoting Tyson v. Viacom, Inc., 890 So. 2d 1205, 1209 (Fla. 4th DCA 2005)). "Florida law defines 'identity of causes of action' as actions 'sharing similarity of facts essential to both actions.'" Kaplan v. Kaplan, 624 F. App'x 680, 682 (11th Cir. 2015) (citations omitted).

In the prior lawsuit, CMR, as assignee of the Policy, submitted an estimate to Empire for replacement cost value (RCV) damages, which Empire did not pay. CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co., 2020 WL 1557887, *1 (M.D. Fla. Apr. 1, 2020). CMR filed suit against Empire for breach of contract, and Empire subsequently moved for summary judgment because (1) the Policy requires repairs be made before Empire owes any RCV damages, and (2) it was undisputed such repairs had not been made. Id. at *1-2. The Court agreed, finding Empire did not breach the Policy by failing to pay RCV damages "because CMR did not undertake any repairs to which that policy provision applied," or by failing to

---

[3] Given this determination, the Court finds it unnecessary to address whether the other components of res judicata under Florida law are met. Similarly, the Court declines to address CMR's suggestion that Empire's argument can only be made via a motion for summary judgment. (Doc. #74, p. 4.)

pay ACV damages "because CMR never requested payment for ACV." Id. at *2. The Court granted summary judgment in Empire's favor, id., and the Eleventh Circuit affirmed on appeal, CMR, 843 F. App'x at 193.

According to the allegations in the First Amended Complaint, CMR submitted to Empire "an updated estimate" on April 14, 2020 (Doc. #53, ¶ 20), or approximately two weeks after summary judgment was granted in the prior case. This estimate included valuations for both RCV and ACV damages, and it was Empire's failure to pay on this estimate that led to CMR's lawsuit for, *inter alia*, breach of contract. (Id. ¶ 21.) Therefore, while the two lawsuits involve the same parties and the same Policy, they do not involve the same alleged breaches. Although "[a] series of breaches of the same contract, all occurring before filing suit, should be brought in that suit," Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1270 (11th Cir. 2002), "Florida courts have recognized that res judicata does not bar a second breach-of-contract action based on a subsequent breach," Apple Glen Invs., L.P. v. Express Scripts, Inc., 700 F. App'x 935, 937 (11th Cir. 2017); see also U.S. Project Mgmt., Inc. v. Parc Royale East Dev., Inc., 861 So. 2d 74, 76-77 (Fla. 4th DCA 2003) (concluding "[t]he defense of *res judicata* is inapplicable" because although "both actions involve breach of contract, U.S. Project is now suing based on a subsequent breach of the Consulting Agreement (failure to pay the incentive fee),

and not the same breach from the prior litigation (failure to pay the monthly consulting fees)"). Accordingly, the Court finds Empire has failed to demonstrate a common identity of the cause of action, and therefore res judicata does not apply. See U.S. Project, 861 So. 2d at 77 ("[W]e find no common identity of the cause of action because the evidence necessary to maintain the first suit for breach of contract is different from the evidence needed in the current suit.").

Empire argues that because CMR could have submitted an estimate for ACV damages with its original estimate, it has waived its current breach of contract claim based on Empire's alleged failure to pay ACV damages. (Doc. #57, p. 14.) The Court disagrees that this argument is a basis to find res judicata applicable. While Empire is correct that "res judicata bars relitigation in a subsequent cause of action not only of claims raised, but also claims that could have been raised," Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 107 (Fla. 2001), it is clear that CMR's current breach of contract claim could not have been raised in the prior action because it is based on events that occurred after summary judgment was granted in that case. Because the alleged breach did not occur until after summary judgment, it cannot be said the current breach of contract claim "could have been raised" in the prior case. Cf. AMEC Civil, LLC v. State, Dep't of Transp., 41 So. 3d 235, 243 (Fla. 1st DCA 2010) ("In the present case, the

9

numerous alleged breaches of the indivisible contract could with propriety have been litigated and determined in a single action." (marks and citation omitted)). Accordingly, Empire's waiver argument does not support application of res judicata.[4]

**B. Claim Splitting**

Empire next argues that CMR's lawsuit is barred by the rule against claim splitting. (Doc. #57, pp. 22-23.) "The rule against splitting causes of action makes it incumbent upon plaintiffs to raise all available claims involving the same circumstances in one action." KB Home v. Koehler, 2015 WL 12844397, *1 (M.D. Fla. May 15, 2015) (quoting Dep't of Agric. & Consumer Servs. v. Mid-Fla. Growers, Inc., 570 So. 2d 892, 901 (Fla. 1990)). In determining whether the rule applies, the Eleventh Circuit has approved the use of a two-factor test whereby a court "analyzes (1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." Vanover v. NCO Fin. Servs., Inc., 857 F.3d 833, 841-42 (11th Cir. 2017) (citation omitted). "Successive causes of

---

[4] The Court's conclusion on this issue does not preclude Empire from arguing CMR has waived its contractual right to ACV damages. See Pajcic v. Am. Gen. Life Ins. Co., 419 F. Supp. 2d 1380, 1382 (M.D. Fla. 2006) ("Under Florida law, waiver is the voluntary and intentional relinquishment or abandonment of a known and existing right or privilege which, except for the waiver, the party would have enjoyed. Waiver can be established through express language or inferred by actions or conduct demonstrating an intent to relinquish one's rights." (citation omitted)).

action arise from the same transaction or series of transactions when the two actions are based on the same nucleus of operative facts." Id. at 842 (citation omitted).

Empire argues CMR's second lawsuit on the same insurance loss "is the epitome of claim splitting" and must be dismissed. (Doc. #57, pp. 22-23.) The Court disagrees. The alleged breach of contract in the current lawsuit is based on different events than those at issue in the prior lawsuit, and therefore the two actions are not "based on the same nucleus of operative facts." Furthermore, because the alleged breach in the current case occurred after summary judgment was rendered in the prior lawsuit, it had not accrued at the time of the prior lawsuit. See Apple Glen, 700 F. App'x at 937 ("A new claim is not barred by the rule against splitting a cause of action 'if the underlying cause of action had not accrued at the time of filing the previous lawsuit.'" (quoting Gilbert v. Fla. Power & Light Co., 981 So. 2d 609, 614 (Fla. 4th DCA 2008))). Accordingly, the Court finds the rule against claim splitting inapplicable to the current action. See Scovell v. Delco Oil Co., 798 So. 2d 844, 846 (Fla. 5th DCA 2001) ("The rule against splitting a cause of action requires that all damages sustained by a party *as a result of a single wrongful act* are lost if not claimed or recovered in one action. In the instant case, the failure to install the new petroleum lines which led to the eviction was an act separate from the subsequent failure

11

to remove the petroleum equipment. Accordingly, the rule against splitting a cause of action is inapplicable to this case." (marks and citation omitted)).

### C. Duplicative Claim

Finally, Empire argues CMR's declaratory judgment claim in Count Two should be dismissed because it is "duplicative of and is subsumed within" Count One. (Doc. #57, p. 23.) Empire argues that because Count Two seeks adjudication on the merits of the breach of contract claim in Count One, it is duplicative and must be dismissed. (Id.) The Court disagrees.

Empire's legal support for its duplication argument is predominately based on cases from the Southern District. (Id. pp. 23-24.) "But there is a split of authority on this issue between the Middle and Southern Districts," and "[b]eing in the Middle District, this Court applies the hometown precedent." Rock Custom Homes, Inc. v. Am. Zurich Ins. Co., 2019 WL 4477819, *2 (M.D. Fla. Sept. 18, 2019). "[I]n the Middle District, courts regularly refuse to dismiss insurance declaratory judgment requests that duplicate breach of contract claims." Hanus v. AIG Prop. Cas. Co., 2020 WL 6154813, *1 (M.D. Fla. Oct. 20, 2020); see also Mack v. USAA Cas. Ins. Co., 994 F.3d 1353, 1357 (11th Cir. 2021) ("A plaintiff may follow any successful claim for a declaratory judgment with a request for supplemental relief. Both the federal and Florida declaratory judgment acts expressly allow a plaintiff

12

to request further relief based on a declaratory judgment."); <u>Blitz Telecom Consulting, LLC v. Peerless Network, Inc.</u>, 151 F. Supp. 3d 1294, 1303 (M.D. Fla. 2015) (rejecting duplicative argument as a basis for denying declaratory relief, noting "[i]t is well-established that '[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate,'" and stating "declaratory relief may be awarded cumulatively to other relief which provides the same remedy").[5] Accordingly, the Court declines to dismiss the declaratory judgment claim in the First Amended Complaint as duplicative.

Accordingly, it is now

**ORDERED:**

Defendant Empire Indemnity Insurance Company's Motion to Dismiss CMR Construction & Roofing LLC a/a/o The Orchards Condominium Association, Inc.'s Amended Complaint (Doc. #57) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of July, 2021.

---

[5] To the extent Empire's redundancy argument is asserted under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #57, p. 10), it fares no better. <u>See</u> <u>Maher v. Rockhill Ins. Co.</u>, 2019 WL 5084093, *3 (M.D. Fla. Feb. 6, 2019) ("[M]otions to dismiss made under Rule 12(b)(6) only test the validity of the claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid." (citation omitted)); <u>see also</u> <u>Hanus</u>, 2020 WL 6154813, *1 ("[R]edundancy seems an odd basis to dismiss a declaratory judgment request.").

13

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

14