UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CMR CONSTRUCTION & ROOFING
LLC,

      Plaintiff,

v.                                    Case No:  2:20-cv-422-FtM-29MRM

THE   ORCHARDS   CONDOMINIUM
ASSOCIATION, INC.,

      Defendant.

_____

THE   ORCHARDS   CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.                                    Case No:  2:20-cv-564-FtM-29MRM

EMPIRE   INDEMNITY   INSURANCE
COMPANY and CMR CONSTRUCTION
& ROOFING LLC,

      Defendants.

_____

CMR CONSTRUCTION & ROOFING,
LLC,  a/a/o  The  Orchards
Condominium   Association,
Inc.,

      Plaintiff,

v.                                    Case No:  2:20-cv-917-FtM-29MRM

EMPIRE   INDEMNITY   INSURANCE
COMPANY,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on counter-defendant CMR Construction and Roofing, LLC's Motion to Dismiss Amended Counterclaim and Incorporated Memorandum of Law (Doc. #78) filed on June 23, 2021.  Counter-plaintiff The Orchards Condominium Association, Inc. filed a Response in Opposition (Doc. #81) on July 6, 2021.  For the reasons set forth below, the motion is granted.

I.

Counter-defendant CMR Construction and Roofing, LLC (CMR) initiated this matter in June 2020 and filed an Amended Complaint (Doc. #16) in September 2020 against, inter alia, counter-plaintiff The Orchards Condominium Association, Inc. (The Orchards).  The complaint alleges claims against The Orchards for declaratory judgment, breach of contract, fraud in the inducement, fraudulent misrepresentations, negligent misrepresentations, and unjust enrichment.  The Orchards filed an Answer generally denying any liability.  (Doc. #32.)

In May 2021, The Orchards filed an Amended Counterclaim (Doc. #65) against CMR.  According to the allegations therein, The Orchards sustained severe damage to the roofs of thirty buildings in September 2017 and hired CMR to provide roofing repairs.  (Id. ¶¶ 3-6.)  CMR agreed to replace the roofs in exchange for The Orchards only being required to pay its insurance deductible, regardless of how much The Orchards' insurance company paid.  (Id.

2

¶ 7.)   CMR in turn represented that it would get full payment for the roofs from the insurance company on behalf of The Orchards and that it would provide temporary roof leak repairs on an emergency basis.   (Id. ¶¶ 10-12.)   The Orchards alleges that CMR's misrepresentations led to The Orchards assigning its insurance benefits to CMR, that CMR did not perform the work as promised, and that The Orchards has sustained significant damages as a result.   (Id. ¶¶ 15-18.)   Accordingly, The Orchards filed a one count counterclaim against CMR for violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), §501.201, *et seq.*, Fla. Stat.   (Id. p. 4.)   The counterclaim alleges that CMR's "conduct, acts, and unfair and deceptive trade practices" were performed to induce The Orchards to (1) sign a contract that was never performed on, (2) sign an assignment of benefits regarding the insurance proceeds, (3) allow CMR to handle the insurance issues, including filing a lawsuit against the insurance company, and (4) confer the overall benefit to CMR to the detriment of The Orchards.   (Id. ¶ 26.)

On June 23, 2021, CMR filed the motion currently before the Court.  (Doc. #78.)   CMR argues that the FDUTPA claim fails because such a claim requires actual damages, which The Orchards has failed to plead.   (Id. p. 2.)   Because The Orchards cannot amend its counterclaim to plead actual damages, CMR requests the Court dismiss the counterclaim with prejudice.  (Id. pp. 4, 7, 10.)

## II.

CMR argues the FDUTPA claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim.  (Id. p. 2.)  Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Iqbal, 556 U.S. at 678.   Factual allegations that are merely
consistent with a defendant's liability fall short of being
facially plausible.   Chaparro v. Carnival Corp., 693 F.3d 1333,
1337 (11th Cir. 2012) (citations omitted).  Thus, the Court engages
in a two-step approach: "When there are well-pleaded factual
allegations, a court should assume their veracity and then
determine whether they plausibly give rise to an entitlement to
relief."  Iqbal, 556 U.S. at 679.

"FDUTPA has three elements: (1) a deceptive act or unfair
practice; (2) causation; and (3) actual damages."  Am. Mariculture,
Inc. v. Syaqua Americas, Inc., 2021 WL 2315003, *4 (M.D. Fla. June
7, 2021) (quoting Rollins, Inc. v. Butland, 951 So. 2d 860, 869
(Fla. 2d DCA 2006)).   Under FDUTPA, an act is deceptive if there
is a "'representation, omission, or practice that is likely to
mislead the consumer acting reasonably in the circumstances, to
the consumer's detriment.'"  Id. (quoting Peterbrooke Franchising
of Am., LLC v. Miami Chocolates, LLC, 312 F. Supp. 3d 1325, 1343
(S.D. Fla. 2018)).  With regards to damages, "[p]roof of actual
damages is necessary to sustain a FDUTPA claim."  Nazario v. Pro.
Acct. Servs., Inc., 2017 WL 1179917, *5 (M.D. Fla. Mar. 30, 2017).
The Florida statute "does not allow the recovery of other damages,
such as consequential damages."  Id.

In its motion, CMR argues that The Orchards seeks "only
consequential damages comprising of various repair or remediation

costs," and that such damages are not cognizable under FDUTPA. (Doc. #78, p. 7.)   The Orchards responds that it pled actual damages by alleging CMR created "additional damage and exasperated damage already present," and that the "appropriate way to determine damages in this case is to determine the difference in the market value of the services that CMR promised and the services that CMR actually provided."   (Doc. #81, pp. 5, 6.)   Alternatively, The Orchards asserts any dismissal should be without prejudice to allow The Orchards to allege additional facts regarding actual damages. (Id. pp. 7-8.)

Having considered the arguments of the parties, the Court finds The Orchards has failed to allege actual damages in its counterclaim.   In arguing otherwise, The Orchards cites five paragraphs from the counterclaim that it asserts constitute allegations of actual damages.  (Doc. #81, ¶ 17.)   The paragraphs contain the following allegations:

> 7. CMR agreed to replace the roofs in exchange for The Orchards only being required to pay the deductible, regardless of how much The Orchards' insurance company paid.
>
> 8. When Empire Insurance Company (hereinafter "Empire"), The Orchards' insurance company, paid $96,000 for the claim, CMR refused to replace the roofs.
>
> . . .
>
> 12. The temporary repairs performed by CMR were either not performed or not performed to industry standards and caused additional damage to the buildings.

. . .

14. CMR represented to The Orchards that it obtained roof wrap estimates, however, CMR never produced any estimates to The Orchards and never indicated that the roof wrap would in fact be installed.

. . .

18. The Orchards has sustained significant damages due to the misrepresentations and deceptive acts of CMR.

(Doc. #65, ¶¶ 7, 8, 12, 14, 18.)  However, none of these allegations relate to actual damages, which "under FDUTPA must directly flow from the alleged deceptive act or unfair practice."  Britt Green Trucking, Inc. v. FedEx Nat'l, LTL, Inc., 2014 WL 3417569, *11 (M.D. Fla. July 14, 2014).  Instead, to the extent these paragraphs contain allegations of damage, the Court finds they refer to consequential damages.  See PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., L.P., 2016 WL 7666179, *21 (M.D. Fla. May 12, 2016) ("FDUTPA claims are limited to 'actual damages,' and actual damages do not include consequential damages, such as repair damages or resale damages."  (marks and citation omitted)).  Accordingly, the Court finds The Orchards has failed to allege actual damages and therefore failed to state a claim under Rule 12(b)(6).

While the Court finds The Orchards counterclaim must be dismissed, it declines CMR's request for such a dismissal to be with prejudice.  Instead, the Court will grant The Orchards' alternative request and give leave to amend the counterclaim to allege additional facts regarding actual damages.

7

Accordingly, it is now

**ORDERED:**

Counter-defendant CMR Construction and Roofing, LLC's Motion to Dismiss Amended Counterclaim and Incorporated Memorandum of Law (Doc. #78) is **GRANTED.**   The Orchards Condominium Association, Inc.'s Amended Counterclaim (Doc. #65) is **dismissed** without prejudice to filing a Second Amended Counterclaim within FOURTEEN (14) DAYS of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of September, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Parties of record