UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CMR CONSTRUCTION & ROOFING
LLC,

      Plaintiff,

v.                          Case No:  2:20-cv-422-FtM-29MRM

THE ORCHARDS CONDOMINIUM
ASSOCIATION, INC., and MARK
JOHNSON, individually

      Defendants.

_____

THE ORCHARDS CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.                          Case No:  2:20-cv-564-FtM-29MRM

EMPIRE INDEMNITY INSURANCE
COMPANY and CMR CONSTRUCTION
& ROOFING LLC,

      Defendants.

_____

CMR CONSTRUCTION & ROOFING,
LLC, a/a/o The Orchards
Condominium Association,
Inc.,

      Plaintiff,

v.                          Case No:  2:20-cv-917-FtM-29MRM

EMPIRE INDEMNITY INSURANCE
COMPANY,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on counter-defendant CMR Construction and Roofing, LLC's (CMR) Motion to Dismiss Second Amended Counterclaim With Prejudice (Doc. #94), to which counter-plaintiff The Orchards Condominium Association, Inc. (The Orchards) filed a Response (Doc. #102).  For the reasons set forth below, the motion is **granted.**

### I.

This Opinion and Order is essentially a continuation of the issues discussed in the Court's prior order.  (See Doc. #89.)  In that Order, the Court discussed CMR's motion to dismiss The Orchards' First Amended Counterclaim (FACC) asserting one claim under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201, *et seq*.  The Court granted the motion, concluding that the FACC failed to allege "actual damages" as required under the FDUTPA.  The Orchards, however, was granted leave to amend its counterclaim to allege additional facts regarding actual damages.

With that leave, The Orchards' filed the operative Second Amended Counterclaim (SACC).  (Doc. #91.)  The FACC and SACC contain many of the same allegations. (Compare Doc. #65 with Doc. #91.)  The Orchards, however, includes the following new allegations, which it contends sufficiently plead actual damages:

19. CMR estimated the work to be performed under the contract at $6,942,825.59 pursuant to their Xactimate estimate attached hereto as *Exhibit "A."*[1]

20. CMR's estimate includes $106,598.40 in temporary repairs performed by CMR at The Orchards' property.

21. The work performed by CMR under the contract was worth substantially less than that and as such, The Orchards have suffered actual significant damages due to the misrepresentations and deceptive acts of CMR.

\* \* \*

42. Therefore, the actual damages suffered by The Orchards caused by the unfair acts and practices engaged in by CMR would at most be the difference between the value of work promised, $6,942,825.59, and the value of the work CMR claims to have performed at the property, $106,598.40, which would equal $6,836,227.19.

(Doc. #91, ¶¶ 19-21, 42; Doc. #102, p. 11.)[2]

## II.

CMR argues the SACC should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for still failing to state a claim. (Id. p. 2.) Under Federal Rule of Civil

---

[1] In considering a motion to dismiss under Rule 12(b)(6), a district court may consider the allegations in the complaint, and documents attached as an exhibit to the complaint. Fed. R. Civ. P. 10(c).

[2] The SACC contains additional new allegations, but The Orchards does not argue that these relate to its actual damages pleading deficiencies. (See Doc. #91, ¶¶ 38-41.) The SACC also makes some minor stylistic changes from the FACC which are immaterial to the Court's analysis.

Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555; see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible. Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages

4

in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

The Florida Deceptive and Unfair Trade Practices Act, Fla Stat. §§ 501.201-501.213, was enacted to protect the public and businesses from unfair trade practices. Fla. Stat. § 501.202(2). An unfair practice "'offends established public policy' and ... is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" PNR, Inc. v. Beacon Prop. Mgmt., Inc., 842 So.2d 773, 777 (Fla. 2003) (quoting Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489, 499 (Fla. 4th DCA 2001)). Section 501.211(1) allows "anyone aggrieved by a violation of" FDUTPA to seek declaratory or injunctive relief, and section 501.211(2) provides that "a person who has suffered a loss as a result of a [FDUTPA] violation ... may recover actual damages ...." "[T]here are basically three elements that are required to be alleged to establish a claim pursuant to the FDUTPA: 1) a deceptive act or unfair practice; 2) causation; and 3) actual damages." Point Conversions, LLC v. WPB Hotel Partners, LLC, 324 So. 3d 947, 957 (Fla. 4th DCA 2021), review granted, SC21-1071, 2021 WL 5804319 (Fla. Dec. 7, 2021). See also TLO S. Farms, Inc. v. Heartland

Farms, Inc., 282 So. 3d 145, 148 (Fla. 2d DCA 2019); Rollins, Inc.
v. Butland, 951 So. 2d 860, 869 (Fla. 2d DCA 2006).

Only actual damages are available under the FDUTPA, since
consequential damages are barred under the statute. Digiport,
Inc. v. Foram Dev. BFC, LLC, 314 So. 3d 550, 554 (Fla. 3d DCA 2020)
(citations omitted). A plaintiff fails to "state a cause of action
under FDUTPA if the [plaintiff] fails to plead that they suffered
actual damages." Marrache v. Bacardi U.S.A., Inc., 17 F.4th 1084,
1098 (11th Cir. 2021) (citation omitted). "Actual damages may be
measured in two ways under FDUTPA: '(1) the value between what was
promised and what was delivered; or (2) the total price paid for
a valueless good or service.'" Harrison v. Lee Auto Holdings,
Inc., 295 So. 3d 857, 864 (Fla. 1st DCA 2020) (citations omitted.)
As to the first option, "[a]ctual damages are 'the difference in
the market value of the product or service in the condition in
which it was delivered and its market value in the condition in
which it should have been delivered according to the contract of
the parties.'" Baptist Hosp., Inc. v. Baker, 84 So. 3d 1200, 1204
(Fla. 1st DCA 2012) (citations omitted).

Having reviewed The Orchards' new allegations in the SACC,
and the parties' arguments on CMR's motion to dismiss, the Court
finds The Orchards still fails to plead actual damages under the
FDUTPA. The FDUTPA "permits a consumer to recover only the
diminished value of the services received." Orkin Exterminating

<u>Co. v. Petsch</u>, 872 So. 2d 259, 263 (Fla. 4th DCA 2004) (citation omitted).  The SACC fails to plead any diminished value of services The Orchards actually received from CMR.  CMR's estimate to fully replace The Orchards' roofs cannot serve as the basis for The Orchards' actual damages because CMR admittedly never replaced the roofs, and therefore The Orchards never received any such services. The Orchards does not dispute that it has never paid CMR for any services CMR provided for temporary repairs or otherwise.  (Doc. #91, ¶ 4.)[3]  <u>See</u> <u>Franklin L. Firm, P.A. v. Stacey</u>, No. 8:19-CV-1839-MSS-AAS, 2020 WL 10503003, at *3 (M.D. Fla. May 7, 2020) (recognizing a plaintiff cannot plead actual damages if plaintiff has not paid for any product or service); <u>Jones v. TT of Longwood, Inc.</u>, No. 606CV651ORL19DAB, 2007 WL 2298020, at *7 (M.D. Fla. Aug. 7, 2007) (citing <u>Himes v. Brown & Co. Secs. Corp.</u>, 518 So.2d 937, 938 (Fla. 3d DCA 1987) ("There can be no monetary recovery under the FDUTPA where the plaintiff has suffered no out-of-pocket

---

[3]  In the SACC, The Orchards incorporated the factual allegations and support in its Answer to CMR's operative complaint. (Doc. #32.)  In the Answer, The Orchards admitted that CMR has provided work for The Orchards and The Orchards, although having tried to pay CMR, has not paid any monies to CMR.  (<u>Id.</u> pp. 29-30.)  And, although The Orchards argues that actual payment is not required under FDUTPA as a matter of law, The Orchards does not dispute the fact that it has never paid CMR in its response.  (<u>See generally</u>, Doc. #102.)

losses."). Thus, The Orchards fails to allege that it suffered any actual damages, and fails to plead a FDUTPA claim.[4]

Accordingly, it is now

**ORDERED:**

Counter-defendant CMR Construction and Roofing, LLC's Motion to Dismiss Amended Counterclaim and Incorporated Memorandum of Law (Doc. #94) is **GRANTED.** The Orchards' Second Amended Counterclaim (Doc. #91) is **dismissed with prejudice.**

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of February, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

---

[4] Because the Court grants CMR's motion based on The Orchards' failure to plead actual damages, it is unnecessary to discuss CMR's other arguments for dismissal.