```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CMR CONSTRUCTION & ROOFING

    Plaintiff,

v.                                      Case No:  2:20-cv-422-FTM-29MRM

THE ORCHARDS CONDOMINIUM
ASSOCIATION, INC.,

    Defendant.
_____

THE ORCHARDS CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                                      Case No:  2:20-cv-564-FTM-29MRM

EMPIRE INDEMNITY INSURANCE
COMPANY and CMR CONSTRUCTION
& ROOFING LLC,

    Defendants.
_____

CMR CONSTRUCTION & ROOFING,
LLC, a/a/o The Orchards
Condominium Association,
Inc.,

    Plaintiff,

v.                                      Case No:  2:20-cv-917-FTM-29MRM

EMPIRE INDEMNITY INSURANCE
COMPANY,

    Defendant.
_____

**OPINION & ORDER**

This matter comes before the Court on CMR Construction and Roofing, LLC's (CMR) Unopposed Motion for Certification for Interlocutory Appeal and Opposed Motion to Stay of Proceedings (Doc. #201). Empire Indemnity Insurance Company (Empire) filed a Response (Doc. #202), as did The Orchards Condominium Association, Inc. (The Orchards). (Doc. #203). All parties agree a particular Opinion and Order (Doc. #195) should be certified by this Court for interlocutory appeal under 28 U.S.C. § 1292(b). With the exception of The Orchards, all parties also agree the case should be stayed until the Eleventh Circuit issues its ruling on the certification.

The undersigned recognizes that the desirability of an interlocutory appeal is one of the few things all parties to these consolidated cases have agreed upon. However, the undersigned cannot in good faith certify that these cases meet the standard required for a § 1292(b) appeal. Therefore, for the reasons set forth below, the motion is denied.

**I.**

Hurricane Irma ravaged the southwest Florida region in 2017. The Orchards had an insurance policy issued by Empire covering certain property damage to its buildings caused by Hurricane Irma. Empire was notified of the alleged damage.

In due course The Orchards, acting through its then-president Mark Johnson (Johnson), executed a Roofing Agreement, an Assignment of Benefits (AOB), and an Addendum with CMR to perform roof and gutter work. CMR began negotiating with Empire over the costs, but Empire did not agree with CMR's costs projections. CMR, as the putative assignee of The Orchards, sued Empire for breach of contract (the insurance policy). CMR refused to perform anything but temporary repairs to The Orchards' property while the lawsuit was pending. Empire obtained a summary judgment after the district court found that "Empire did not breach the policy in failing to pay the R[eplacement Cost Value (RCV)] because CMR did not undertake any repairs to which that policy provision applied. Nor did Empire breach the policy in failing to pay [the Actual Cash Value (ACV)] because CMR never requested payment for ACV." (Doc. #88-2.) The Eleventh Circuit affirmed. (See Doc. #88-3.)[1]

The Orchards eventually asserted that The Orchards' condominium documents did not authorize The Orchards to execute an assignment of benefits. The Orchards informed CMR that it was unilaterally revoking the AOB. The Orchards hired another

---

[1] See CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co., 843 F. App'x. 189 (11th Cir. 2021).

3

contractor, sent CMR an "AOB Revocation Notice", and the other contractor eventually repaired the buildings.

Four more lawsuits followed, three of which are pending in this consolidated action. In 2:20-cv-422-FTM-29MRM, the lead case, CMR's operative Amended Complaint asserts ten counts against The Orchards and Johnson (in his individual capacity). (Doc. #16.) In 2:20-cv-917-FTM-29MRM, CMR's operative pleading alleges two counts: a breach of contract claim and a declaratory judgment claim against Empire for not tendering full payment under the Policy. (Doc. #53.) In 2:20-cv-564-FTM-29MRM, The Orchards' operative pleading seeks a declaratory judgment against CMR regarding the AOB and charges Empire with one count of breach of contract for not tendering full payment under the Policy. (2:20-cv-564-FTM-29MRM, Doc. #3.)

Motions to dismiss were denied (Docs. # 30, 37, 47, 85), but it became clear that the cases had tied the parties in something of a Gordian Knot.² "The Court heard from the parties regarding the most efficient way to handle the cases and it was agreed that the validity and enforceability of the AOB should be addressed in the first instance since that determination impacts whether CMR or [The] Orchards is the

---

² See DeRoy v. Carnival Corp., 963 F.3d 1302, 1311 n.12 (11th Cir. 2020).

proper party to proceed with respect to claims against Empire." (Doc. #149, p. 2.) "Consideration of the remaining portions of each case [was] deferred until" the validity and enforceability of the AOB was resolved. (Id. at p. 3.)

The parties then filed cross-motions for summary judgment or partial summary judgment solely on the AOB issue. (Docs. ##157, 159, 168.) Collectively, these motions contained over 8,800 pages of attached exhibits.

The Court issued its Opinion & Order (Doc. #195) finding in pertinent part that:

(1) the three executed agreements between The Orchards and CMR (the Roofing Agreement, the Contract for Services, Assignment of Benefits, and the Contract Addendum) are to be construed together as the parties' agreement under the Florida contemporaneous instrument rule and its incorporation by reference doctrine (Doc. #195, pp. 21-25);

(2) the condominium documents did not prohibit The Orchards or Johnson from executing an assignment of benefits (Id. at pp. 31-33);

(3) the assignment of benefits was a valid and enforceable part of the contract (Id. at pp. 33-40);

(4) the scope of the valid assignment of benefits to CMR was limited to the assignment of all insurance proceeds for work covered by the Policy, done by CMR, and at the price agreed to and with the approval of Empire (Id. at pp. 40-49);

(5) the Eleventh Circuit had already held that CMR did no work which was covered by the Policy (Id. at pp. 49-50);

5

(6) "In sum, while the assignment was a valid and enforceable one, it was limited in scope to work done by CMR under the Policy as approved by the insurer, and no such work was done by CMR. The Orchards is the proper party to sue Empire for any alleged breach of Policy claims since it has standing as to that claim and CMR does not." (Id. at 50).

The Court later held a status conference with the parties to discuss the next steps. CMR expressed interest in immediately appealing this Court's Opinion & Order under 28 U.S.C. § 1292(b) and, without objection from any party, the Court granted CMR leave to file a motion seeking such relief. (See Doc. #199.)

## II.

Normally, a federal appellate court's jurisdiction is limited to review of "appeals from all final decisions of the district courts of the United States." In re Grand Jury Subpoena, FGJ-21-01-MIA, 58 F.4th 1232, 1233 (11th Cir. 2023)(quoting 28 U.S.C. § 1291). "In the ordinary course a 'final decision' is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Emps., 571 U.S. 177, 183 (2014)(citing Catlin v. United States, 324 U.S. 229, 233 (1945)). "One of the statutory exceptions to the final judgment rule is set out in 28 U.S.C. § 1292(b)." McFarlin v.

6

Conseco Servs., LLC, 381 F.3d 1251, 1253 (11th Cir. 2004).

Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

A § 1292(b) certification for interlocutory appeal requires that: (1) the case presents a "controlling question of law"; (2) there is a "substantial ground for difference of opinion"; and (3) the appeal will "materially advance the ultimate termination of the litigation." McFarlin, 381 F. 3d at 1257; Simpson v. Carolina Builders Corp., 222 F. App'x 924, 925 (11th Cir. 2007). "Most interlocutory orders do not meet this test." OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1359 (11th Cir. 2008). It is the applicant's burden to establish it does. See McFarlin, 381 F. 3d at 1264. A "§ 1292(b) certification is wholly discretionary with both

the district court and th[e Eleventh Circuit]." OFS Fitel, LLC, 549 F.3d at 1358.

### A. Controlling Question of Law

To satisfy the first requirement, the applicant should identify "an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'" McFarlin, 381 F.3d at 1258 (quoting Ahrenholz v. Bd. of Trs. of the Univ. of Ill., 219 F.3d 674 (7th Cir. 2000)). "[T]he term 'question of law' does not mean the application of settled law to fact" which "requires rooting through the record in search of the facts or of genuine issues of fact." Id. Instead, a controlling question of law is one that questions "the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed." Id. "The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." Id. at 1259.

The applicant asserts that "[w]hether CMR has standing has always been and continues to be a controlling question of law." (Doc. #201, p. 7.) But "[a] court must assess standing by making 'a legal determination based on the facts established by the record.'" Pearson v. Kemp, 831 F. App'x 467, 473 (11th

Cir. 2020)(quoting Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater, 777 F.2d 598, 607 n.24 (11th Cir. 1985)).³ Pearson concluded that "[b]ecause the [applicant's] appeal asks us to apply 'settled law to the facts or evidence of [this] particular case,' it is 'the antithesis of a proper § 1292(b) appeal.'" Id. (quoting McFarlin, 381 F.3d at 1259).

In this case, "standing" is not the simple controlling issue applicant asserts. Indeed, the applicant seeks certification of the following six issues:

> (a) Whether the Court correctly declared that the Assignment of Benefits ("AOB") [DE 16-1] was limited to the insurance proceeds for work done by CMR under the Policy as approved by Empire and consequently depriving CMR of standing.
>
> (b) Whether the scope of the AOB is not tailored to the work CMR performs but is for all of the rights under the Policy for the entire Claim, is unqualified, and a whole assignment of any and all insurance rights, benefits and proceeds under the subject Policy related to the Claim.
>
> (c) Whether the Court erred in failing to rule that CMR is not entirely barred from recovery and CMR is the proper party with standing to continue to pursue the Claim under its Amended Complaint against Empire [DE 53], as the Claim subject to said Amended Complaint was submitted to Empire on April

---

³ "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." Bonilla v. Baker Concrete Const., Inc., 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

>14, 2020 prior to the purported termination by The Orchards, and still remains pending.
>
>(d) Whether the fact CMR did not perform the work forecloses CMR still pursuing the Claim against Empire via its Amended Complaint against Empire [DE 53].
>
>(e) Whether the Court incorrectly applied Florida's contemporaneous instrument rule to the AOB, Agreement for Roofing, and Addendum.
>
>(f) Whether CMR's Judicial Estoppel and CMR's Affirmative Defense of Equitable Estoppel should have been applied to support a declaration that CMR is the proper party with standing.

(Doc. #201, pp. 4-5.)

The appellate court would necessarily be tasked with combing through the factual evidence and applying various collateral legal issues to determine whether CMR has or does not have standing. For example, as suggested by CMR, the Eleventh Circuit would have to evaluate "[w]hether the Court incorrectly applied Florida's contemporaneous instrument rule to the AOB, Agreement for Roofing, and Addendum." (Doc. #201, p. 5.) To do so, the Eleventh Circuit would have to evaluate those three case-specific documents and see whether they "were 'executed by the same parties, at or near the same time, and concerning the same subject matter.'" MSP Recovery Claims, Series LLC v. QBE Holdings, Inc., 965 F.3d 1210, 1218 (11th Cir. 2020) (quoting Life Care Ponte Vedra, 162 So. 3d at 190 n.2). Similarly, the Eleventh Circuit would have to analyze

10

the documents to determine "[w]hether the scope of the AOB is not tailored to the work CMR performs but is for all of the rights under the Policy for the entire Claim" in addition to all the other issues CMR highlights. (See id. at pp. 4-10).

Because this standing issue "requires rooting through the record in search of the facts or of genuine issues of fact," it is not a pure question of law that is suitable for a § 1292(b) appeal. McFarlin, 381 F.3d at 1258. "It would require [the Eleventh Circuit] to decide whether 'the district court properly applied settled [standing principles] to the facts or evidence of [this] particular case," and "[a]s a result, the first requirement for exercising jurisdiction under § 1292(b) is not satisfied." Nice v. L-3 Commc'ns Vertex Aerospace LLC, 885 F.3d 1308, 1313 (11th Cir. 2018)(internal citations omitted). See also Drummond Co., Inc. v. Conrad & Scherer, LLP, 885 F.3d 1324, 1337 (11th Cir. 2018)("To answer it would require the court to apply law to the particular facts of the case and thus to take a deep dive into this case's voluminous record. The purpose of § 1292(b) is not to provide interlocutory appellate review of such fact-driven issues.").

### B. Substantial Ground For Difference of Opinion

Even if there was a suitable question of law, the Court is not satisfied that there would be substantial ground for difference of opinion on it. To demonstrate substantial ground

11

for difference of opinion exists, the applicant must show that "a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." Havana Docks Corp. v. Carnival Corp., No. 19-CV-21724, 2020 WL 3489371, at *3 (S.D. Fla. June 26, 2020)(quoting Cont'l 332 Fund, LLC v. Albertelli, No. 2:17-cv-41-FtM-38MRM, 2018 WL 3656472, at *2 (M.D. Fla. Aug. 2, 2018)). Neither the applicant nor any other party argues a legal issue here is one of first impression or one which courts are split on. Instead, the applicant repeatedly asserts that the issues raised are "difficult," (Doc. #201, pp. 7, 11), and proceeds to repeat its summary judgment arguments. This is not enough. See Havana Docks Corp., 2020 WL 3489371, at *3 (stating that merely showing the order entails a ruling on a difficult issue is not sufficient). The applicant does argue that neither the Florida Supreme Court nor the Eleventh Circuit have affirmed Nicon Constr., Inc. v. Homeowners Choice Prop. & Cas. Ins. Co., 249 So. 3d 681 (Fla. 2d DCA 2018) and its progeny that found the AOBs limited in scope to actual work done under the policy. See Sidiq v. Tower Hill Select Ins. Co., 276 So. 3d 822 (Fla. 4th DCA 2019); Salyer v. Tower Hill Select Ins. Co., 367 So. 3d 551 (Fla. 5th DCA 2023); Brown v. Omega Ins. Co., 322 So. 3d 98 (Fla. 4th DCA 2021). While true, the argument still falls

12

short. "[W]e are bound to adhere to the decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." SE Prop. Holdings, LLC v. Welch, 65 F.4th 1335, 1342 (11th Cir. 2023)(citing Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1021 (11th Cir. 2014)). Since no party has argued such an indication exists, the Court is bound to follow that case law. There is no indication that any of the law applied in the previous Opinion & Order is in jeopardy from the Florida Supreme Court. What the applicant really challenges is how it was applied. And for that, a § 1292 appeal is inapt. See Simpson v. Carolina Builders Corp., 222 F. App'x 924, 925 (11th Cir. 2007)(per curiam)("The law of [Florida] regarding [the contemporaneous instrument rule, the incorporation by reference doctrine, and the scope of AOBs] is clear—it is the application of this law to the facts that is disputed here. Simply put, this appeal does not meet the 28 U.S.C. § 1292(b) standard.").

### C. Materially Advance Ultimate Termination of Litigation

The last requirement "means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." McFarlin, 381 F.3d at 1259. Again, the Court is not convinced. Regardless of how the Eleventh Circuit would rule if this case would be

13

appealed under § 1292(b), either CMR or The Orchards would still have a triable claim against Empire. No trial is necessarily avoided. Nor is there a reasonable assurance that litigation would be shortened. CMR's concern for and desire to avoid "the potential scenario of the parties proceeding to multiple trials[] only then to find out from an appeal from final judgment[] that The Orchards did not have standing after all" (Doc. #201, p. 12) is certainly understandable. But a § 1292(b) interlocutory appeal of the Opinion and Order will still require further district court proceedings after remand and a possible second appeal after that remand.

Since there will be no 1292(b) appeal, there will also not be a stay while the case is appealed under 1292(b).[4]

Accordingly, it is now

**ORDERED:**

---

[4] In "agree[ing] this case should be stayed until the Eleventh Circuit Court of Appeals rules on CMR's interlocutory appeal," (Doc. #202, p. 2), Empire states that "[i]ncidentally, it appears the Court did not rule on the estoppel issue Empire raised in its motion for summary judgment . . . ." (Id. at p. 2 n. 1.) The estoppel arguments were that The Orchards was barred from arguing the AOB was invalid. (See Doc. #159, pp. 20, 30, 37.) The Court addressed the estoppel arguments, explaining that because the Court sided with Empire and found the AOB to be valid, Empire's arguments that The Orchards was estopped from arguing the AOB was invalid need not be addressed. (See Doc. #195, p. 33 n. 8.)

CMR's Unopposed Motion for Certification for Interlocutory Appeal and Opposed Motion to Stay Proceedings (Doc. #201) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of April, 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record