```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CMR CONSTRUCTION & ROOFING

      Plaintiff,

v.                              Case No:  2:20-cv-422-FTM-29MRM

THE ORCHARDS CONDOMINIUM
ASSOCIATION, INC.,

      Defendant.
_____

THE ORCHARDS CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,

v.                              Case No:  2:20-cv-564-FTM-29MRM

EMPIRE INDEMNITY INSURANCE
COMPANY and CMR CONSTRUCTION &
ROOFING LLC,

      Defendants.
_____

CMR CONSTRUCTION & ROOFING,
LLC, a/a/o The Orchards
Condominium Association,
Inc.,

      Plaintiff,

v.                              Case No:  2:20-cv-917-FTM-29MRM

EMPIRE INDEMNITY INSURANCE
COMPANY,

      Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on The Orchards Condominium Association, Inc.'s (The Orchards) Motion to Determine Sequence and Number of Trials (Doc. #205) filed on May 31, 2024. CMR Construction and Roofing, LLC (CMR) and Empire Indemnity Insurance Company (Empire) filed a Response (Doc. #208) on June 21, 2024. The Court heard oral arguments from counsel on July 2, 2024. On July 3, 2024, CMR filed its Notice of Clarification in Connection with Applicability of Opinion and Order (DE 195) (Doc. #212). For the following reasons, the motion is granted as set forth below.

**I.**

The procedural and factual background of this case have been set forth before (see Docs. ##195, 204) and require no repetition. In sum: The Orchards executed an Assignment of Benefits (AOB) and a roofing contract (the Contract) with CMR after Hurricane Irma damaged The Orchards' buildings. Empire, the insurer of The Orchards' buildings, agreed that the buildings were damaged but disagreed on the coverage amount. The relationship between CMR and The Orchards soured over time.

The underlying events prompted at least five lawsuits, three of which are consolidated here. In Case No. 2:20-cv-422-FTM-29MRM, the lead case, CMR sets forth ten counts against The Orchards and/or Mark Johnson (Johnson), The Orchards' then president, for wrongfully revoking the AOB, wrongfully revoking the Contract,

2

breach of contract, fraud in the inducement of the AOB, fraudulent misrepresentation of the AOB, negligent misrepresentation of the AOB, and unjust enrichment. (Doc. #16.) In Case No. 2:20-cv-564-FTM-29MRM, The Orchards seeks a declaratory judgment against CMR regarding the AOB and sues Empire for breach of contract. (2:20-cv-564-FTM-29MRM, Doc. #3.) Lastly, in Case No. 2:20-cv-917-FTM-29MRM, CMR sets forth two counts against Empire, one for breach of contract and the other seeking a declaratory judgment for not tendering full payment under the policy. (Doc. #53.)

Because both The Orchards and CMR sued Empire for breach of contract under the insurance policy, the initial question became whether the AOB gave standing to CMR, The Orchards, or both to sue Empire. Related issues were presented to the Court in summary judgment motions, and the Court held that:

> [W]hile the assignment was a valid and enforceable one, it was limited in scope to work done by CMR under the Policy as approved by the insurer, and no such work was done by CMR. The Orchards is the proper party to sue Empire for any alleged breach of Policy claims since it has standing as to that claim and CMR does not.

(Doc. #195 at p. 50.) The Court then declared that:

> The Amended and Restated Declaration of Condominium § 15.7 did not prohibit The Orchards or its then-president from agreeing to an assignment of insurance proceeds because that provision is not a restriction on the ability to make a valid assignment. The assignment in this case, referred to as the AOB, is not invalid, unenforceable, void, or voidable because of § 15.7. Rather, the assignment is a valid and enforceable part of the contract because the contract and its assignment provision were supported by sufficient consideration by both parties and by April 30, 2018, the essential terms

3

> of the contract had been agreed-to by the parties. The scope of the assignment was limited to the insurance proceeds for work done by CMR under the Policy as approved by Empire. As it turned out, no such work was done by CMR, and cannot be done by CMR since it has been completed by a different contractor. The Orchards is the proper party to sue Empire for any alleged breach of Policy claim since it has standing as to that claim and CMR does not have standing. Given the Court's findings, it is not necessary to make any declaration as to the alternative or additional arguments advanced by the parties. As to these issues, there is no longer a case or controversy allowing a declaratory judgment, and the court exercises its discretion and declines to address these matters in what would simply be an advisory opinion.

(Id. at pp. 52-53.)

The parties agree that a new Case Management and Scheduling Order should be entered, with Case No. 2:20-cv-422-FTM-29MRM being tried first. The parties also agree that the Court should apply its prior summary judgment holdings to the three pending cases and their individual counts.

## II.

The Court applies its prior Opinion and Order (Doc. #195) to the specific counts of the three consolidated cases as follows:

### A. Case No. 2:20-cv-422-FTM-29MRM

Summary judgment is granted as to **Count I** to the extent set forth by the Court's declaration at Doc. #195, pp. 52-53. Any other requested declarations contained in Count I are denied since there is no ongoing case or controversy as to those matters.

4

Summary judgment is granted as to **Count II** to the extent set forth by the Court's declaration at Doc. #195, pp. 52-53 since the AOB is a component of the Contract. (See Doc. #195, pp. 22-25.) Any other requested declarations contained in Count II are denied since there is no ongoing case or controversy as to those matters.

**Count III,** a breach of contract claim, remains after the Court's prior Opinion and Order (Doc. #195).

Summary judgment is granted in favor of The Orchards as to **Count IV,** which alleged fraud in the inducement of the AOB. The Court's holding and declaration in Doc. #195 established that none of the alleged statements or omissions identified in Doc. #16 ¶¶ 83, 87 were false.

Summary judgment is granted in favor of Mark Johnson as to **Count V,** which alleged fraud in the inducement of the AOB. The Court's holding and declaration in Doc. #195 established that none of the alleged statements or omissions identified in Doc. #16 ¶¶ 94, 98 were false.

Summary judgment is granted in favor of The Orchards as to **Count VI,** which alleged fraudulent misrepresentations in connection with the capacity to enter the AOB. The Court's holding and declaration in Doc. #195 established that none of the alleged statements or omissions identified in Doc. #16 ¶¶ 110 were false.

Summary judgment is granted in favor of Mark Johnson as to **Count VII,** which alleged fraudulent misrepresentations in

5

connection with the capacity to enter the AOB. The Court's holding and declaration in Doc. #195 established that none of the alleged statements or omissions identified in Doc. #16 ¶¶ 117-18 were false.

Summary judgment is granted in favor of The Orchards as to **Count VIII,** which alleged negligent misrepresentations in connection with the capacity to enter the AOB. The Court's holding and declaration in Doc. #195 established that none of the alleged statements or omissions identified in Doc. #16 ¶ 128 were false.

Summary judgment is granted in favor of Mark Johnson as to **Count IX,** which alleged negligent misrepresentations in connection with the capacity to enter the AOB. The Court's holding and declaration in Doc. #195 established that none of the alleged statements or omissions identified in Doc. #16 ¶ 137 were false.

**Count X,** an unjust enrichment claim, remains after the Court's prior Opinion and Order (Doc. #195).

### B. Case No. 2:20-cv-564-FTM-29MRM

Summary judgment is granted as to **Count I** to the extent set forth by the Court's declaration at Doc. #195, pp. 52-53. Any other requested declarations contained in Count I are denied since there is no ongoing case or controversy as to those matters.

**Count II,** a breach of contract claim, remains after the Court's prior Opinion and Order (Doc. #195).

**C. Case No. 2:20-cv-917-FTM-29MRM**

CMR's Amended Complaint (Doc. #53) against Empire consists of two counts, both of which are dependent upon CMR being able to file suit pursuant to the AOB. The Court's prior Opinion and Order declared that while the AOB is valid, its scope does not allow such claims by CMR against Empire. Therefore, both counts will be dismissed without prejudice for lack of standing. See Wiand v. ATC Brokers Ltd., 96 F.4th 1303, 1311 (11th Cir. 2024)("[O]rdinarily, absent standing, 'a court must dismiss the plaintiff's claim without prejudice.'" (quoting McGee v. Solicitor Gen. of Richmond Cnty., 727 F.3d 1322, 1326 (11th Cir. 2013))).

### III.

The dismissal of all counts in 2:20-cv-917-FTM-29MRM effectively ends CMR's suit since it cannot obtain its requested relief and nothing there remains to be litigated. See Corley v. Long-Lewis, Inc., 965 F.3d 1222, 1227–28 (11th Cir. 2020)("That the dismissal was without prejudice to filing another suit does not make the cause unappealable, for denial of relief and dismissal of the case ended this suit so far as the District Court was concerned." (quoting United States v. Wallace & Tiernan Co., 336 U.S. 793, 794 n.1, (1949))). Therefore, 2:20-cv-917-FTM-29MRM will be unconsolidated from the other two cases and the Clerk of the Court shall enter judgment in the singular case accordingly. The Clerk shall withhold entry of judgment in the two remaining cases

7

until all the remaining claims have been resolved in the district court. The parties will be afforded seven (7) days to advise the Court if this Order alters how they would like to proceed. Otherwise, the Court will enter a new Case Management and Scheduling Order with the deadlines to be followed in 2:20-cv-422-FTM-29MRM as discussed at the case management conference that was held on July 2, 2024.

Accordingly, it is hereby

**ORDERED:**

1. The Orchards' Motion to Determine Sequence and Number of Trials (Doc. #205) is **GRANTED** as set forth above.
2. Case No. 2:20-cv-917-FTM-29MRM is unconsolidated from Case No. 2:20-cv-422-FTM-29MRM and Case No. 2:20-cv-564-FTM-29MRM. Case No. 2:20-cv-422-FTM-29MRM and Case No. 2:20-cv-564-FTM-29MRM will remain consolidated.
3. The Clerk of Court shall withhold judgment in Case No. 2:20-cv-422-FTM-29MRM until Counts III and X are resolved in the district court.
4. The Clerk of Court shall withhold judgment in Case No. 2:20-cv-564-FTM-29MRM until Count II is resolved in the district court.
5. The Complaint (Doc. #53) in Case No. 2:20-cv-917-FTM-29MRM is dismissed without prejudice and the Clerk of Court shall enter judgment.

6. The parties shall, within seven (7) days, advise the Court if this Order alters how they would like to proceed. Otherwise, the Court will enter a new Case Management and Scheduling Order with the deadlines to be followed in 2:20-cv-422-FTM-29MRM as discussed at the case management conference that was held on July 2, 2024.

**DONE and ORDERED** at Fort Myers, Florida, this __19th__ day of July, 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

9