```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CMR CONSTRUCTION & ROOFING LLC and THE ORCHARDS CONDOMINIUM ASSOCIATION, INC.,

  Plaintiffs,

v.         Case No: 2:20-cv-422-JES-KCD

THE ORCHARDS CONDOMINIUM ASSOCIATION, INC., EMPIRE INDEMNITY INSURANCE COMPANY, CMR CONSTRUCTION & ROOFING LLC, and MARK JOHNSON, individually,

  Defendants
_____

THE ORCHARDS CONDOMINIUM ASSOCIATION, INC.,

  Plaintiff,

v.         Case No: 2:20-cv-564-FTM-29MRM

EMPIRE INDEMNITY INSURANCE COMPANY and CMR CONSTRUCTION & ROOFING LLC,

  Defendants.
_____

## OPINION AND ORDER

  This matter comes before the Court on CMR Construction and Roofing, LLC's (CMR) and Empire Indemnity Insurance Company's (Empire) Joint Motion to Stay Proceedings and All Deadlines (Doc. #219) filed on September 13, 2024. The Orchards Condominium

Association (The Orchards) filed a Response in Opposition (Doc. #222) on September 23, 2024. For the reasons set forth below, the motion is granted in part and denied in part.

## I.

Until recently, this consolidated action consisted of three cases and four parties: the insurer (Empire), the insured (The Orchards), the insured's former president (Mark Johnson), and a contractor (CMR). The cases' backgrounds were detailed in this Court's summary judgment ruling (see Doc. #195) and require no repetition here. That ruling held that only The Orchards has standing to sue Empire because, while the assignment between CMR and The Orchards was valid, it was limited in scope. As a result, CMR's lawsuit against Empire and Mr. Johnson, Case No. 2:20-cv-917-FTM-29MRM, was unconsolidated from the rest and dismissed without prejudice. (See Doc. #214). An amended Case Management and Scheduling Order (CMSO) was issued as to the remaining claims. (See Doc. #218.)

CMR then appealed Case No. 2:20-cv-917-FTM-29MRM and, along with Empire, now moves to stay the remaining action until the appellate court issues its ruling. (Doc. #219, pp. 1-9). CMR and Empire also move for the Court to reconsider its previous ruling denying an appeal of the whole previous action pursuant to 28 U.S.C. § 1292(b). (Id. at pp. 9-10.) The Orchards opposes the stay

but advances no position on the reconsideration issue. (See Doc. #222.)

## II.

The Court begins by analyzing whether a stay is warranted, followed by deciding whether its previous § 1292(b) order merits reconsideration and modification.

### A. Stay of Further District Court Proceedings

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997). The exercise of that discretion is guided by four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009)(quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). Though the first factor is ordinarily the most important, a movant may still prevail "when 'the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay.'" Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986)(alteration in original)(quoting Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981)(per curiam)). "The party requesting a

stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken, 556 U.S. at 433–34.

Despite relying on varying factors, CMR and Empire meet their burden. They point out that the appealed case contains a "determinative issue" that "will have a substantial or controlling effect on the claims and issues" of this instant consolidated action. (Doc. #219, p. 7.) They add that proceeding in the district court could generate "irreparable harm" and lead to a waste of resources if the Eleventh Circuit were to reverse and conclude CMR is the party with standing. (Id. at p 8.) The public's interest would be safeguarded, they assert, while no party would be injured as the action "can be recommenced after the Eleventh Circuit renders its decision[]." (Id. at pp. 8-9.)  CMR and Empire cite Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191 (11th Cir. 2009), where "the district court had stayed the case to await the outcome of a parallel appeal—one that was filed in the same federal district court, between the same parties, and relating to largely the same issues." Marti v. Iberostar Hoteles y Apartamentos S.L., 54 F.4th 641, 648 (11th Cir. 2022)(citing Miccosukee, 559 F.3d at 1193, 1996-98). The Eleventh Circuit found that since "[t]he appealed case was 'likely to have a substantial or controlling effect' on the stayed case," it "was a 'good,' if not 'excellent' reason for the stay." Id. (quoting Miccosukee, 559 F.3d at 1198).

The Orchards respond that the appealed case would not have a substantial or controlling effect in this action. (See Doc. #222)(stating that the two remaining claims in 2:20-cv-422-FTM-29MRM "can be determined without 'finality' as to the question of standing regarding the Assignment of Benefits."). The Orchards' own argument, however, illustrates the substantial and controlling effect the appealed case would have on this action. The appealed ruling adjudicated ten claims in 2:20-cv-422-FTM-29MRM, leaving only the two claims to which The Orchards refer. (See Doc. #214, pp. 4-6.)  Those two remaining claims—a breach of contract claim and an unjust enrichment claim—were also substantially affected by the appealed ruling. For example, in holding that The Orchards has standing and CMR does not, the Court found that the parties' agreement consisted of the Assignment of Benefits, the addendum, and the roofing agreement. (Doc. #195, pp. 21-25.) The Court then held that the parties' agreement was a valid and enforceable contract. (Id. at p. 40.) The Eleventh Circuit's pending decision may affect the scope of the parties' agreement, whether it was valid and enforceable, and whether ultimately there was a breach of contract or unjust enrichment. As Miccosukee directs, there is an excellent reason to stay this action in the district court.

Given the substantial effect the appeal may have in this action, all the factors except the first weigh heavily in favor of a stay. See Miccosukee, 559 F.3d 1191. Since a stay may still

be granted if all the other factors weigh heavily towards a stay, Garcia-Mir, 781 F.2d at 1453, this portion of Empire's and CMR's motion is granted.

### B. Reconsideration

Reconsideration is typically an "extraordinary remedy" limited to three circumstances: "1) when a change in the controlling law has intervened; 2) when new evidence has become available; or 3) when the court needs to 'correct clear error or prevent manifest injustice.'" Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03CV2378-T-17-MAP, 2005 WL 1053691, at *3 (M.D. Fla. Mar. 30, 2005)(quoting Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)). "A motion for reconsideration should not be used to set forth new theories of law or to reiterate arguments previously made." Horowitch v. Diamond Aircraft Indus., Inc., No. 606-CV-1703-ORL19KRS, 2009 WL 1537896, at *3 (M.D. Fla. June 2, 2009)(citing Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997)). Once a party sufficiently shows a matter is ripe for reconsideration, they then "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (citing Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)).

CMR and Empire argue the Court should reconsider its previous ruling denying an appeal of the whole previous action pursuant to

28 U.S.C. § 1292(b) (Doc. #204) "in light of the fact that appellate jurisdiction has already been invoked by CMR." (Doc. #219, p. 10.)  The Court finds this to be an insufficient basis for it to reconsider its prior determinations. This portion of the motion is denied.

Accordingly, it is hereby

**ORDERED**:

1. The Joint Motion to Stay Proceedings and All Deadlines (Doc. #219) is **GRANTED IN PART AND DENIED IN PART.**

2. This action is stayed pending appellate resolution of Case No. 2:20-cv-917-FTM-29MRM. The pending deadlines in the Seventh Amended CMSO (Doc. #218) are terminated. The parties shall notify the Court of the appeal's resolution and/or that the stay is due to be lifted.

3. The Court declines to reconsider its previous 28 U.S.C. § 1292(b) Opinion & Order (Doc. #204).

**DONE and ORDERED** at Fort Myers, Florida, this __16th__ day of October, 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record